Matthew R. Bainer, Esq. (S.B. #220972)
Molly A. DeSario, Esq. (S.B. #230763)
**SCOTT COLE & ASSOCIATES, APC**
1970 Broadway, Ninth Floor
Oakland, California 94612
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
Email: mbainer@scalaw.com
Email: mdesario@scalaw.com
Web:   www.scalaw.com

Attorneys for Representative Plaintiff
and the Plaintiff Class

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUENTIN MOORE, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FITNESS INTERNATIONAL, LLC,<br><br>Defendants. | Case No. **'12CV1551 LAB NLS**<br><br>**COLLECTIVE ACTION**<br><br>**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND RESTITUTION**<br><br>**[Jury Trial Demanded]** |

Representative Plaintiff alleges as follows:

**PRELIMINARY STATEMENT**

1.      This is a collective action, under the Fair Labor Standards Act ("FLSA") codified as 29 U.S.C. § 201, *et seq*, seeking unpaid wages, and interest thereon, liquidated damages and other penalties, injunctive and other equitable relief and reasonable attorneys' fees and costs, under, *inter alia*, the FLSA, codified in 29 U.S.C. § 201, *et seq*. Plaintiff Quentin Moore ("Plaintiff") brings this action on behalf of himself and any and all other persons similarly situated (hereinafter referred to as the "Class Members" and/or the "Plaintiff Class") who are, or have been, employed by defendant

Fitness International, LLC ("L.A. Fitness" and/or "Defendant") as personal trainers at any time after June 22, 2009.

2. The "Class Period" is designated as the time from June 22, 2009 through the date of trial and is based upon the allegation that Defendant's violations of the FLSA, as described more fully below, have been willful and ongoing since, at least, this date.

3. During the Class Period, Defendant has had a consistent policy of, *inter alia*, permitting, encouraging, and/or requiring its personal trainers, including Plaintiff and Class Members, to perform work off-premises (e.g. at home, at continuing education/training programs) without compensation, as required by the FLSA.

**INTRODUCTION**

4. The Fair Labor Standards Act of 1938, provides for minimum standards for wages, and details administrative procedures by which covered work time must be compensated. The FLSA provides the Federal Courts with substantial authority to stamp out abuses of child labor, equal pay, portal-to-portal activities as well as the wage violations detailed in this Complaint.

5. Federal studies have linked long work hours to increased rates of accident and injury and a loss of family cohesion when either or both parents are kept away from home for extended periods of time, on either a daily or weekly basis.

6. Plaintiff is informed and believes and, based thereon, alleges that, within the Class Period, Defendant maintained and operated numerous health and fitness facilities throughout the United States and makes the strength-building and cardiovascular fitness equipment and services (e.g., personal training sessions) at these facilities available to the public on a membership basis. In so doing, Defendant has employed hundreds, if not thousands, of individuals in recent years alone as personal trainers, non-overtime-exempt employees who are entitled to, *inter alia*, be paid for all hours worked, at their regular rate of pay.

7. Defendant's personal trainers are responsible for facilitating L.A. Fitness' members' health and fitness goals through the instruction of various class formats and individual training sessions which are specifically tailored to address the members' personal fitness goals.

8.      Personal trainers often hold several sessions a day, and are responsible for performing additional tasks such as attending continuing education/training programs, researching and preparing a customized workout plan for each individual client, completing paperwork, attending meetings, soliciting clients, re-racking weights, scheduling training sessions, and a host of other activities required for the performance of their positions with and for the benefit of Defendant.

9.      Notwithstanding the foregoing, no matter how many hours are spent by personal trainers performing tasks for the benefit of Defendant, personal trainers are paid only for the length of time associated with the training sessions they conduct.

10.     Defendant advertises the personal training session length as being the actual duration of that particular session. Despite this, Plaintiff is informed and believes and, based thereon, alleges that Class Members generally work far more hours than their particular training session schedules would reflect.

11.     Moreover, Plaintiff is informed and believes and, based thereon, alleges that Defendant knew and/or should have known that its personal trainers are and, at all times during the Class Period, were performing work off-premises (e.g., at home, at continuing education/training programs) for which Class Members are/were not being compensated by Defendant.

12.     Additionally, Plaintiff is informed and believes and, based thereon, alleges that Defendant has maintained a common policy of refusing to reimburse its personal trainers for business related expenses, and to the extent that such expenditures have caused Defendant's personal trainers' compensation to fall below the legally mandated level of minimum and/or overtime wages, such policy is in violation of 29 C.F.R. § 531.35, *inter alia*.

13.     Despite actual knowledge of these facts and legal mandates, Defendant has enjoyed an advantage over its competition and has disadvantaged its workers by electing not to pay all wages due to its personal trainers.

14.     Plaintiff is informed and believes and, based thereon, alleges that officers and directors of L.A. Fitness knew of these facts and legal mandates yet, nonetheless, repeatedly authorized and/or ratified the violation of the laws cited herein.

///

15. Despite Defendant's knowledge of the Class' entitlement to wages for all hours worked for all applicable work periods, Defendant failed and continues to fail to provide the same for all applicable work periods in willful violation the FLSA. This action is brought to redress and end this ongoing pattern of unlawful conduct once and for all.

16. Despite actual knowledge of these facts and legal mandates, L.A. Fitness has and continues to enjoy an advantage over its competition and a resultant disadvantage to Plaintiff by failing to offer all required meal and rest periods to Plaintiff, by not providing all wages due, at the time they were due, and by willfully failing to provide accurate semi-monthly itemized wage statements.

17. Plaintiff is informed and believes and, based thereon, alleges that officers and directors of L.A. Fitness knew of these facts and legal mandates yet, nonetheless, repeatedly authorized and/or ratified the violation of the laws cited herein.

18. Despite Defendant's knowledge of Plaintiff's entitlement to these benefits of employment, L.A. Fitness failed to provide same for all applicable work periods in violation of the California Labor Code, the California Business and Professions Code, California Industrial Welfare Commission Wage Order No. 7, and Title 8 of the California Code of Regulations. This action is brought to redress and end this ongoing pattern of unlawful conduct once and for all.

## JURISDICTION AND VENUE

19. This Court has jurisdiction over the Plaintiff's and Class Members' claims for unpaid wages, penalties and other forms of relief sought herein under, *inter alia*, the FLSA, 29 U.S.C. §§ 201 *et seq.* (including 29 U.S.C. §§ 207, 216, 217).

20. Venue as to Defendant is proper in this judicial district, pursuant to 28 U.S.C. § 1391. Defendant maintains clubs in the Southern District of California and transacts business, has agents, and is otherwise within this Court's jurisdiction for purposes of service of process. The unlawful acts alleged herein have a direct effect on the Plaintiff and those similarly situated within this judicial district. L.A. Fitness operates said facilities and has employed numerous Class Members in this judicial district as well as throughout the United States.

21. This Court has jurisdiction over Plaintiff's claims for unpaid wages and/or penalties under, *inter alia*, any applicable Industrial Welfare Commission Wage Order, Title 8 of the California Code of Regulations, Labor Code §§ 201-204, inclusive, 226.7, 510, 512, 1194 and 1198, and/or California Code of Civil Procedure § 1021.5.

22. This Court also has jurisdiction over Plaintiff's claims for restitution of ill-gotten benefits arising from L.A. Fitness' unfair and/or fraudulent business practices under California Business & Professions Code §§ 17200, *et seq.*

### PLAINTIFF(S)

23. Plaintiff Quentin Moore is a natural person and was, during the Class Period, employed by Defendant as a personal trainer, a non-exempt employment position, at one or more of Defendant's California fitness facilities.

24. During the Class Period, Plaintiff is/was a person within the Class of persons further described and defined herein.

25. As used throughout this Complaint, the term "Class Members" and/or the "Plaintiff Class" refers to the named Plaintiff as well as each and every person eligible for membership in the class of persons further described and defined herein. At all times herein relevant, Plaintiff is/was a person within the class of persons further described and defined herein.

26. Plaintiff brings this action on behalf of himself and as a collective action pursuant to 29 U.S.C. § 216, on behalf of all persons similarly situated and proximately damaged by the unlawful conduct described herein.

### DEFENDANT(S)

27. At all times herein relevant, Defendant Fitness International, LLC was a corporation, duly licensed, located and doing business in the United States.

28. Plaintiff is informed and believes and, based thereon, alleges that Defendant has, since June 22, 2009, directly or indirectly employed and/or exercised control over the wages, hours, and working conditions of Plaintiff and Class Members within the United States.

## FLSA COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff brings this action individually and as a collective action for violations of the FLSA, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated and proximately damaged by Defendant's conduct, including, but not necessarily limited to, the following Plaintiff Class:

> *All persons who were employed as personal trainers by Defendant in one or more of its health and fitness facilities in the United States at any time on or after June 22, 2009.*

30. Defendant and its officers and directors are excluded from the Plaintiff Class.

31. This action has been brought and may properly be maintained as a collective action pursuant to 29 U.S.C. § 216 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

    a.   Numerosity: A collective action is the only available method for the fair and efficient adjudication of this controversy. The members of the Plaintiff Class are so numerous that joinder of all members is impractical, if not impossible, insofar as Plaintiff is informed and believes and, on that basis, alleges that the total number of Class Members is, at least, in the hundreds, if not thousands of individuals. Membership in the Class will be determined by and upon analysis of employee and payroll records, among other records maintained by Defendant.

    b.   Commonality: Plaintiff and Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, including, but not necessarily limited to:

        1)   Whether Defendant failed to provide proper compensation to personal trainers as required under FLSA;

        2)   Whether Defendant failed to provide proper reimbursement of expenses to personal trainers;

        3)   Whether Defendant failed to provide overtime compensation to personal trainers who worked in excess of forty hours per week.

    c.   Typicality: Plaintiff's claims are typical of the claims of the Plaintiff Class. Plaintiff and all members of the Plaintiff Class sustained injuries and damages arising out of and caused by Defendant's common course of conduct in violation of state law, as alleged herein.

    d.   Superiority of Collective Action: Since the damages suffered by individual class members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes, or may make it, impractical for class members to seek redress individually for the

wrongful conduct alleged herein. Should separate actions be brought or be required to be brought by each individual class member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings, which might be dispositive of the interests of other class members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests. Consequently, collective action certification is proper under 29 U.S.C. § 216(b).

    e.    <u>Adequacy of Representation</u>: Plaintiff is an adequate representative of the Plaintiff Class, in that Plaintiff's claims are typical of those of the Plaintiff Class and Plaintiff has the same interests in the litigation of this case as Class Members. Plaintiff is committed to vigorous prosecution of this case, and has retained competent counsel, experienced in litigation of this nature. Plaintiff is not subject to any individual defenses unique from those conceivably applicable to the class as a whole. Plaintiff anticipates no management difficulties in this litigation.

## COMMON FACTUAL ALLEGATIONS

32. As described herein, Defendant has, for years, knowingly failed to properly compensate Plaintiff and Class Members for all wages earned and due (including, but not necessarily limited to regular wages). In many, if not all cases, this common practice has led to willful violations of the FLSA, entitling Plaintiff and Class Members to a recovery, pursuant to, *inter alia*, 29 U.S.C. § 216(b).

33. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and Class Members have sustained damages, as described above, including loss of earnings for hours worked on behalf of Defendant, in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and Class Members are entitled to recover costs and attorneys' fees pursuant to 29 U.S.C. § 216(b).

## PLAINTIFF QUENTIN MOORE'S FACTUAL ALLEGATIONS

34. As described herein, L.A. Fitness has, for years, knowingly failed to adequately compensate Plaintiff Moore for all wages earned, including premium wages such as overtime wages and/or compensation for missed meal and/or rest periods, as are due under the California Labor Code and California Wage Order No. 7, thereby enjoying a significant competitive edge over other gyms.

35. Furthermore, despite its knowledge of Plaintiff's entitlement to compensation for all hours worked, L.A. Fitness violated California Labor Code § 1174(d) by failing to provide or require

the use, maintenance or submission of time records by Plaintiff. L.A. Fitness also failed to provide Plaintiff with accurate semimonthly itemized wage statements of the total number of hours worked by each and all applicable hourly rates in effect during the pay period, in violation of California Labor Code § 226. In failing to provide the required documents, L.A. Fitness has not only failed to pay Plaintiff the full amount of compensation due, but the company has also, until now, effectively shielded itself from its employees' scrutiny by concealing the magnitude and financial impact of its wrongdoing that such documents might otherwise have led workers to discover.

36. As a consequence of L.A. Fitness's willful conduct in not providing an uninterrupted 30 minute meal period within the first five hours of Plaintiff's shift, as required under Labor Code § 512 and Section 11 of IWC Wage Order No. 7, Plaintiff is entitled to one hour of wages for each day that they were denied at least one meal period, as provided under Labor Code § 226.7, together with interest thereon and attorneys' fees and costs.

37. As a consequence of defendant L.A. Fitness's willful conduct in not providing a ten minute rest period during each four hour segment of work, as required under Section 12 of IWC Wage Order No. 7, Plaintiff is entitled to one (1) hour of wages for each day that they were denied at least one rest period, as provided under Labor Code § 226.7, together with interest thereon and attorneys' fees and costs.

38. As a direct and proximate result of L.A. Fitness's unlawful conduct, as set forth herein, Plaintiff has sustained damages, as described above, including compensation for missed meal and rest periods, and loss of earnings for hours worked on behalf of Defendant, in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff is entitled to recover penalties for failure to provide semimonthly statements of hours worked and all applicable hourly rates (pursuant to Labor Code § 226) in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff is also entitled to recover costs and attorneys' fees, pursuant to California Labor Code § 1194, California Civil Code § 1021.5 and/or California's Unfair Competition Law, among other authorities.

///

### FIRST CLAIM FOR RELIEF
### UNLAWFUL FAILURE TO PAY WAGES
### (Fair Labor Standards Act)
### (By All Nationwide Class Members Against Defendant)

39. Plaintiff incorporates in this claim for relief each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

40. Plaintiff is informed and believes, and thereon alleges, that Defendant has required, or requires, Class Members as part of their employment to work without additional compensation, such as overtime, in excess of the forty hours per week maximum under 29 U.S.C. § 207(a)(1). That Section provides the following:

> Except as otherwise provided in this section, no employer shall employ any of his employees for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate which is not less than one and one-half times the regular rate at which he is employed.

41. Plaintiff is informed and believes, and based thereon, alleges that Defendant has required and/or requires the Class Members, as part of their employment, to work without compensation for all hours worked, to work beyond forty hours per week without the payment of overtime compensation therefore and/or to work at a wage less than the minimum wage, pursuant to, *inter alia*, 29 U.S.C. §§ 206 and 207(a)(1).

42. Indeed, in the performance of their duties for Defendant, Plaintiff and Class Members often did work over forty hours per week, yet did not receive overtime compensation for the work, labor and services they provided to Defendant, as required by the FLSA. The precise number of unpaid overtime hours will be proven at trial.

43. Additionally, Defendant has maintained a common policy of refusing to reimburse its personal trainers for business related expenses, which has Defendant's personal trainers' compensation to fall below the legally mandated level of minimum and/or overtime wages, in violation of 29 C.F.R. § 531.35.

44. Plaintiff proposes to undertake appropriate proceedings to have the Class Members aggrieved by Defendant's unlawful conduct notified of the pendency of this action and given the

opportunity to join this action as plaintiffs, pursuant to 29 U.S.C. § 216(b), by filing written consents to joinder with the Court.

45. Defendant's violations of the FLSA were willful and are ongoing.

46. As a result of the foregoing, Plaintiff seeks judgment against Defendant on his own behalf, and on behalf of those Class Members similarly situated who file written consents to joinder in this action, for all unpaid wages, including overtime wages owed by Defendant to the Plaintiff and Class Members, pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as liquidated damages, and costs, interests, and reasonable attorneys' fees, pursuant to, *inter alia,* 29 U.S.C.§ 216(b).

## SECOND CLAIM FOR RELIEF
## UNLAWFUL FAILURE TO PAY OVERTIME WAGES
**(Violation of IWC Wage Order 7 and California Labor Code §§ 510, 1194, and 1198)**
**(By Plaintiff Quentin Moore Only Against Defendant)**

47. Plaintiff Quentin Moore incorporates in this claim for relief each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

48. During the Claims Period, Plaintiff worked, on many occasions, in excess of eight hours in a workday and/or forty hours in a workweek. The precise number of overtime hours will be proven at trial.

49. During said time period, Defendant refused to compensate Plaintiff for all of the overtime wages earned, in violation of the applicable Wage Order, and provisions of the California Labor Code.

50. At all relevant times, Defendant was aware of, and was under a duty to comply with, the overtime provisions of the California Labor Code, including, but not limited to, the following:

   a. Labor Code § 510: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee..."

   b. Labor Code § 1194: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a

       civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit."

    c. <u>Labor Code § 1198</u>: "[t]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

  51. By refusing to compensate Plaintiff for overtime wages earned, Defendant violated those California Labor Code provisions cited herein, as well as any applicable California Industrial Welfare Commission Wage Order.

  52. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendant, in an amount to be established at trial, and is entitled to recover attorneys' fees and costs of suit. By seeking remedies in this litigation, Plaintiff excludes himself as a Plaintiff and/or class member in any other litigation related to these claims.

### THIRD CLAIM FOR RELIEF
### FAILURE TO PROVIDE MEAL AND REST PERIODS
### (California Labor Code §§ 226.7 and 512)
### (By Plaintiff Quentin Moore Only Against Defendant)

  53. Plaintiff Quentin Moore incorporates in this claim for relief each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

  54. At all relevant times, Defendant was aware of and was under a duty to comply with California Labor Code §§ 226.7 and 512.

  55. California Labor Code § 226.7 provides:

    (a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

    (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

///

56. Moreover, California Labor Code § 512 provides:

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

57. Sections 11 and 12, respectively, of the applicable IWC Wage Order mandate that employers provide all applicable meal and/or rest periods to non-exempt (including exempt-misclassified) employees.

58. Section 11 of the applicable IWC Wage Order provides:

> (A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes .... (B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes .... (C) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

Moreover, Section 12 of the applicable IWC Wage Order provides:

> (A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof .... (B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

59. By failing to consistently provide uninterrupted thirty-minute meal periods within the first five hours of work each day and/or uninterrupted ten-minute net rest periods to Plaintiff, Defendant violated the California Labor Code and the IWC Wage Order provisions.

60. Plaintiff is informed and believes and, on that basis, alleges that Defendant has never paid the one hour of compensation to Plaintiff, due to its violations of the California Labor Code and the IWC Wage Order provisions.

61.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff has sustained damages, including lost compensation resulting from missed meal and/or rest periods, in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff is entitled to recover "waiting time" and other penalties, in amounts to be established at trial, as well as costs and attorneys' fees, pursuant to statute. By seeking remedies in this litigation, Plaintiff excludes himself as a Plaintiff and/or class member in any other litigation related to these claims.

### FOURTH CLAIM FOR RELIEF
### FAILURE TO REIMBURSE EXPENSES AND/OR PROHIBITED CASH BOND
(California Labor Code §§ 406 and 2802)
(By Plaintiff Quentin Moore Only Against Defendant)

62.     Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

63.     During the Class Period, Defendant required Plaintiff to incur expenses related to the business operations of Defendant. These expenses include(d), without limitation, costs related to travel, continuing education and/or fitness certification, licenses, materials, and equipment used in exercise sessions.

64.     These expenditures were incurred in direct consequence of the discharge of the duties of Plaintiff, or of his obedience to the directions of the employer and have not yet been reimbursed by Defendant.

65.     At all relevant times, Defendant was aware of and was under a duty to comply with various provisions of the California Labor Code, including, but not necessarily limited to §§ 406 and 2802(a).

66.     California Labor Code § 406 provides:

> Any property put up by an employee, or applicant as a part of the contract of employment, directly or indirectly, shall be deemed to be put up as a bond and is subject to the provisions of this article whether the property is put up on a note or as a loan or an investment and regardless of the wording of the agreement under which it is put up.

67. California Labor Code § 2802(a) provides:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

68. By requiring Plaintiff to incur uncompensated expenses in direct consequence of the discharge of their duties, Plaintiff was forced and/or brought to contribute to the capital and expenses of Defendant's business which is legally a cash bond, and which must be refunded by Defendant to Plaintiff.

69. California Labor Code § 2802(b) and (c) provides for interest at the statutory post judgment rate of ten percent simple interest per annum from the date of the expenditure, plus attorneys' fees to collect reimbursement.

70. Therefore, Plaintiff demands reimbursement for expenditures or losses incurred by himself in direct consequence of the discharge of his duties, or of his obedience to the directions of Defendant, plus return of all cash bonds or other coerced investments in the business of Defendant, with interest, at the statutory rate, plus attorneys' fees and costs. By seeking remedies in this litigation, Plaintiff excludes himself as a Plaintiff and/or class member in any other litigation related to these claims.

**FIFTH CLAIM FOR RELIEF**
**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**
**(California Labor Code §§ 226 and 1174)**
**(By Plaintiff Quentin Moore Only Against Defendant)**

71. Plaintiff Quentin Moore incorporates in this claim for relief each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

72. California Labor Code § 226(a) provides:

> Each employer shall semimonthly, or at the time of each payment of wages, furnish each of his or her employees either as a detachable part of the check, draft or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized wage statement in writing showing: (1) gross wages earned; (2) total number of hours worked by each employee whose compensation is based on an hourly wage; (3) all deductions; provided, that all deductions made on written orders of the

employee may be aggregated and shown as one item; (4) net wages earned; (5) the inclusive date of the period for which the employee is paid; (6) the name of the employee and his or her social security number; and (7) the name and address of the legal entity which is the employer.

73. Moreover, California Labor Code § 226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

74. Finally, California Labor Code § 1174 provides:

Every person employing labor in this state shall: (d) Keep, at a central location in the state...payroll records showing the hours worked daily by and the wages paid to ... employees .... These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

75. Plaintiff seeks to recover actual damages, costs and attorneys' fees under these provisions.

76. Defendant failed to provide timely, accurate itemized wage statements to Plaintiff in accordance with Labor Code § 226. Plaintiff is informed and believes and, on that basis, alleges that none of the statements provided by Defendant has accurately reflected actual gross wages earned, net wages earned, or the appropriate deductions.

77. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff has sustained damages in an amount to be established at trial, and is entitled to recover attorneys' fees and costs of suit. By seeking remedies in this litigation, Plaintiff excludes himself as a Plaintiff and/or class member in any other litigation related to these claims.

### SIXTH CLAIM FOR RELIEF
### UNFAIR BUSINESS PRACTICES UNDER THE UNFAIR COMPETITION ACT
(California Business & Professions Code §§ 17200-17208)
(By Plaintiff Quentin Moore Only Against Defendant)

78. Plaintiff Quentin Moore incorporates in this claim for relief each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

///

79. Plaintiff further bring this claim for relief seeking restitution from Defendant of amounts acquired through the unfair, unlawful and fraudulent business practices described herein.

80. The knowing conduct of Defendant, as alleged herein, constitutes an unlawful and/or fraudulent business practice, as set forth in California Business & Professions Code §§ 17200-17208. Specifically, Defendant conducted business activities while failing to comply with the legal mandates cited herein.

81. Defendant's knowing failure to adopt policies in accordance with and/or to adhere to these laws, all of which are binding upon and burdensome to its competitors, engenders an unfair competitive advantage for Defendant, thereby constituting an unfair business practice, as set forth in California Business & Professions Code §§ 17200-17208.

82. Defendant has clearly established a policy of accepting a certain amount of collateral damage, as represented by the damages to Plaintiff herein alleged, as incidental to its business operations, rather than accept the alternative costs of full compliance with fair, lawful and honest business practices ordinarily borne by its responsible competitors and as set forth in legislation and the judicial record. By seeking remedies in this litigation, Plaintiff excludes himself as a Plaintiff and/or class member in any other litigation related to these claims.

**SEVENTH CLAIM FOR RELIEF**
**PRIVATE ATTORNEYS GENERAL ACT CLAIM**
**(California Labor Code §§ 2699)**
**(By Plaintiff Quentin Moore Only Against Defendant)**

83. Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

84. California Labor Code § 2699(a) states:

> Notwithstanding any other provision of the law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of herself or herself and other current or former employees...

///
///

85. Plaintiff is an "aggrieved employee," as defined by California Labor Code § 2699(c), because he was employed by Defendant and was one of many employees against whom violations of law were committed.

86. Plaintiff has met and/or will meet all of the requirements set forth in California Labor Code § 2699.3 necessary to maintain a civil action against Defendant for violations of (and/or recovery under) California Labor Code §§ 200-204, inclusive, 226, 226.7, 510, 512, 1174, 1194, 1194.2, 1197, and/or 1198.

87. Plaintiff brings this action alleging violations of the California Labor Code sections cited in the preceding paragraph.

88. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings, in an amount to be established at trial.

89. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff is entitled to recover various penalties as provided by California Labor Code § 2699, in an amount to be established at trial, as well as costs and attorneys' fees, pursuant to statute.

90. By seeking remedies in this litigation, Plaintiff excludes himself as a Plaintiff and/or class member in any other litigation related to these claims.

## RELIEF SOUGHT

**WHEREFORE**, the Plaintiff, on behalf of himself and the proposed Plaintiff Class, prays for judgment and the following specific relief against Defendant, as follows:

1. That the Court declare, adjudge, and decree that this action is a proper collective action and certify the proposed Class and/or any other appropriate subclasses pursuant to 29 U.S.C. § 216;

2. That the Court declare, adjudge, and decree that Defendant violated the overtime provisions of the FLSA as to Plaintiff and Class Members;

///

3.    That the Court declare, adjudge, and decree that Defendants violated the minimum wage laws detailed in 29 U.S.C. §§ 206 and 207 (a)(1), *et seq.*, as to Plaintiff and Class Members, and that Defendants' violations thereof were willful;

4.    That the Court make an award to Plaintiff and Class Members of damages and/or restitution for the amount of unpaid wages, including minimum wage liquidated damages, and penalties in an amount to be proven at trial;

5.    That the Court declare, adjudge and decree that (a) Plaintiff and Class Members were at all times relevant hereto, and are, entitled to be paid overtime for work beyond forty hours in a week, and (b) the amounts to which Plaintiff and Class Members are entitled is to be doubled as liquidated damages and awarded thereto;

6.    For all other Orders, findings and determinations identified and sought in this Complaint; and

7.    For costs of suit and any and all such other relief as the Court deems just and proper.

**Moreover,** Plaintiff Moore, in his <u>individual capacity only</u>, prays for judgment and the following specific relief against Defendants, and each of them, jointly and separately, as follows:

8.    That the Court make an award to Plaintiff of one hour of wages at each employee's regular rate of compensation for each workday a meal period was not provided;

9.    That the Court make an award to Plaintiff of one hour of wages at each employee's regular rate of compensation for each workday a rest period was not authorized and permitted;

10.    That the Court declare, adjudge, and decree that Defendants violated the wage (including overtime) provisions of the California Labor Code and the applicable California Industrial Welfare Commission Wage Order as to Plaintiff;

11.    That the Court declare, adjudge, and decree that Plaintiff was, at all times relevant herein, entitled to overtime pay for work beyond eight hours in a day and/or forty hours in a week;

12.    That the Court make an award to Plaintiff of damages and/or restitution for the amount of unpaid overtime compensation, including interest thereon, and penalties in an amount to be proven at trial;

///

13. That the Court order Defendant to pay restitution to Plaintiff as a result of Defendant's unlawful activities, pursuant to California Business and Professions Code §§ 17200-17208;

14. That the Court further enjoin Defendant, ordering it to cease and desist unlawful activities in violation of California Business and Professions Code §§ 17200, *et seq.*;

15. For interest on the amount of any and all economic losses, at the prevailing legal rate;

16. For reasonable attorneys' fees, pursuant to California Labor Code § 1194 and/or California Code of Civil Procedure § 1021.5; and,

Dated: June 22, 2012

SCOTT COLE & ASSOCIATES, APC

By: /s/ Molly A. DeSario
Molly A. DeSario, Esq.
Attorneys for Representative Plaintiff and the Plaintiff Class

## JURY DEMAND

Plaintiff and the Plaintiff Class hereby demand trial by jury of all issues triable as of right by jury.

Dated: June 22, 2012

SCOTT COLE & ASSOCIATES, APC

By: /s/ Molly A. DeSario
Molly A. DeSario, Esq.
Attorneys for Representative Plaintiff and the Plaintiff Class