1  Matthew R. Bainer, Esq. (S.B. #220972)
   Molly A. DeSario, Esq. (S.B. #230763)
2  Hannah R. Salassi, Esq. (S.B. #230117)
   **SCOTT COLE & ASSOCIATES, APC**
3  1970 Broadway, Ninth Floor
   Oakland, California 94612
4  Telephone: (510) 891-9800
   Facsimile: (510) 891-7030
5  Email:      mbainer@scalaw.com
   Email: mdesario@scalaw.com
6  Email: hsalassi@scalaw.com
   Web: www.scalaw.com
7
   Attorneys for Representative Plaintiff
8  and the Plaintiff Class

9  Framroze M. Virjee (S.B. #120401)
   fvirjee@omm.com
10 O'MELVENY & MYERS LLP
   400 South Hope Street
11 Los Angeles, CA  90071-2899
   Telephone:   (213) 430-6000
12 Facsimile:   (213) 430-6407

13 Adam J. Karr (S.B. #212288)
   akarr@omm.com
14 O'MELVENY & MYERS LLP
   610 Newport Center Drive, 17th Floor
15 Newport Beach, CA  92660-6429
   Telephone:   (949) 760-9600
16 Facsimile:   (949) 823-6994

17
   Attorneys for Defendant
18 FITNESS INTERNATIONAL, LLC

19              **UNITED STATES DISTRICT COURT**

20            **SOUTHERN DISTRICT OF CALIFORNIA**

21 QUENTIN MOORE and LEAH              ) **Case No. 3:12-CV-1551-LAB-NLS**
   ERVIN, individually, and on         )
22 behalf of all others similarly      ) **COLLECTIVE ACTION**
   situated,                           )
23                                     ) **NOTICE OF MOTION AND JOINT**
                                       ) **MOTION FOR PRELIMINARY**
24              Plaintiffs,            ) **APPROVAL OF**
                                       ) **CLASS/COLLECTIVE ACTION**
25 vs.                                 ) **SETTLEMENT; MEMORANDUM OF**
                                       ) **POINTS AND AUTHORITIES**
26 FITNESS INTERNATIONAL,              )
   LLC,                                )
27              Defendant.             ) **Judge: The Honorable Larry Alan Burns**
                                       )
28 _____   )

*SCOTT COLE & ASSOCIATES, APC*
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

## NOTICE OF MOTION

**TO EACH PARTY AND EACH ATTORNEY OF RECORD IN THIS ACTION:**

**NOTICE IS HEREBY GIVEN** that Plaintiffs Quentin Moore and Leah Ervin and Defendant Fitness International, LLC will, and hereby do, move the Court for an Order granting preliminary approval of the class/collective action settlement reached by the parties herein.

This motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Hannah R. Salassi, Esq. and exhibits thereto and all other pertinent records contained in the Court's files.

Dated: February 14, 2013

**SCOTT COLE & ASSOCIATES, APC**

By:   /s/ Hannah R. Salassi
        Hannah R. Salassi, Esq.
        Attorneys for the Representative Plaintiff
        and the Plaintiff Class

# **TABLE OF CONTENTS**

I.      INTRODUCTION ..................................................................................................1

II.     FACTUAL SUMMARY ........................................................................................2

        A.      Settlement Collective ...............................................................................2

        B.      Settlement Class .......................................................................................2

III.    PROCEDURAL HISTORY AND SETTLEMENT NEGOTIATIONS.............................3

IV.     SUMMARY OF SETTLEMENT ............................................................................5

        A.      PROPOSED CLASSES ...............................................................................5

        B.      CALCULATION OF THE SETTLEMENT SHARES ........................................5

                1.      Settlement Collective ....................................................................6

                2.      Settlement Class ...........................................................................6

        C.      RELEASES ...............................................................................................7

                1.      Settlement Collective ....................................................................7

                2.      Settlement Class ...........................................................................7

        D.      PROPOSED SEQUENCE OF EVENTS .........................................................8

V.      CERTIFICATION OF THE SETTLEMENT CLASS ...................................................11

        A.      THE REQUIREMENTS OF RULE 23(a) AND RULE 23(b) ...........................11

        B.      NUMEROSITY, TYPICALITY AND ADEQUACY ARE MET .......................12

                1.      The Settlement Class Satisfies the Numerosity Element ...........................12

                2.      The Settlement Class Satisfies the Typicality Element .............................12

                3.      Plaintiff and her Counsel Satisfy the Adequacy Element .........................13

        C.      RULE 23 COMMONALITY IS MET ..........................................................13

                1.      Standard under Rule 23(a)(2) .......................................................13

                2.      Standard Under Rule 23(a)(3) .....................................................14

        D.      CLASS TREATMENT IS SUPERIOR AND MANAGEABLE ..........................15

VI.     SCA SHOULD BE APPOINTED AS CLASS COUNSEL ............................................15

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

VII.   THE PROPOSED SETTLEMENT SHOULD BE GRANTED PRELIMINARY APPROVAL ....................................................................................................16

    A.    SETTLEMENT COLLECTIVE ....................................................................16

    B.    SETTLEMENT CLASS ................................................................................18

        1.    Standard Under Rule 23............................................................18

        2.    The Risks, Complexity, Expense, and Likely Duration of Further Litigation Support Approval ...................................................19

VIII.  THE COURT SHOULD ORDER NOTICE AND CLAIM FORMS BE DISTRIBUTED ...........................................................................................................22

    A.    SETTLEMENT COLLECTIVE ....................................................................22

    B.    SETTLEMENT CLASS ................................................................................23

IX.    THE SERVICE PAYMENTS ARE REASONABLE AND ROUTINELY AWARDED ...........................................................................................................24

X.     CONCLUSION......................................................................................................24

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

# TABLE OF AUTHORITIES

## Cases

*Acosta v. Trans Union, LLC*,
  243 F.R.D. 377 (C.D. Cal. 2007)...................................................................12

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997)........................................................................................11

*Baby Neal for and by Kanter v. Casey*,
  43 F.3d 48 (3d. Cir. 1994) ..............................................................................13

*Blackie v. Barrack*,
  524 F.2d 891 (9th Cir. 1975) ..........................................................................14

*Brinker v. Super.Ct.*,
  165 Cal. App. 4th 25 (2008) ...........................................................................21

*California Rural Legal Assistance v. Legal Services Co.*,
  917 F.2d 1171 (9th Cir. 1990) ........................................................................12

*City of Seattle*, 955 F.2d at 1276 .......................................................................18

*Day v. NLO*,
  851 F.Supp. 869 (S.D. Ohio 1994) ...........................................................10, 12

*Douglas v. GE Energy*,
  2007 U.S. Dist. LEXIS 32449 (N.D. Ohio 2007)...........................................23

*General Tel. Co. of Southwest v. Falcon*,
  457 U.S. 147 (1982)........................................................................................12

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ..............................................12, 13, 14, 15, 19

*Harris v. Palm Springs Alpine Estates, Inc.*,
  329 F.2d 909 (9th Cir. 1964) ..........................................................................12

*Hoffman La-Roche, Inc. v. Sperling*,
  493 U.S. 165 (1989)........................................................................................23

*In re Jiffy Lube Securities Litigation*,
  927 F. 3d 155 (4th Cir. 1991). .......................................................................18

*In re Mego Financial Corp. Securities Litig.*,
  213 F.3d 454 (9th Cir. 2000) ..........................................................................19

*In Re S. Ohio Correctional Facility*,
  175 F.R.D. 270 (S.D. Ohio 1997).................................................................24

*Ingram v. The Coca-Cola Co.*,
  200 F.R.D. 685 (N.D. Ga. 2001)....................................................................24

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

*Jarrard v. Southeastern Shipbuilding Corporation,*
    163 F.2d 960 (5th Cir. 1947) ................................................................. 16

*Local Joint Exec. Bd. Of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.l,*
    244 F.3d 1152 (9th Cir. 2001) ............................................................... 13

*Lynn's Food Stores, Inc. v. United States, et al.,*
    679 F.2d 1350 (11th Cir. 1982) ............................................................. 16

*Mallick v. Superior Court,*
    89 Cal.App.3d 434 [1979] ..................................................................... 18

*Morelock Enterprises, Inc. v. Weyerhaeuser Co.,*
    2004 U.S. Dist. LEXIS 28270 (D. Or. 2004) ........................................ 15

*Ontiveros v. Zamora,*
    2009 U.S. Dist. LEXIS 13073 (E.D. Cal. Feb. 20, 2009) ...................... 17

*Potter v. Pacific Coast Lumber Company,*
    37 Cal.2d 592 (1951) ............................................................................. 18

*Schulte, Inc. v. Gangi,*
    328 U.S. 108 (1946). ............................................................................. 16

*See Haley v. Medtronic, Inc.,*
    169 F.R.D. 643 (C.D. Cal. 1996) .......................................................... 13

*Slaven v. BP Am., Inc.*
    190 F.R.D. 649 (C.D. Cal. 2000) .......................................................... 13

*Staton v. Boeing Co.,*
    327 F.3d 938 (9th Cir. Wash 2003) ................................................. 12, 13

*Van Bronkhorst v. Safeco Corp.,*
    529 F.2d 943 (9th Cir., 1976) ............................................................... 18

*Wal-Mart Stores, Inc. v. Dukes,*
    131 S. Ct. 2541 (2011) .......................................................................... 14

*Weiner v. Syntex Corp.,*
    117 F.R.D. 641 (N.D. Cal. 1987). ......................................................... 12

*Wershba v. Apple Computer, Inc. (2001)*
    *91 Cal. App. 4th 224 [110 Cal. Rptr. 2d 145]* ..................................... 18

*Zhou v. Wang's Rest.,*
    2006 U.S. Dist. LEXIS 84397 (N.D. Cal. 2006) .................................. 16

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**Code of Civil**
California Code of Civil Procedure
   382 ............................................................................................................................ 11

**Labor Code**
Cal.Lab.Code
   § 2699.3(1) ................................................................................................................ 22

**Newberg**
4 *Newberg*
   § 11:25 ...................................................................................................................... 18

4 *Newberg on Class Actions* 4th (2002)
   § 11:41 ...................................................................................................................... 18

**Federal Rules of Civil Procedure**
Fed. R. Civ. P.
   23(a)(1) ...................................................................................................................... 12

Fed. R. Civ. P.
   Rule 23 ............................................................................ 11, 12, 13, 14, 15, 18, 23

Fed. R. Civ. P.
   Rule 23(a) ................................................................................................................. 11

Fed. R. Civ. P.
   Rule 23(b) ................................................................................................................. 11

Fed. R. Civ. P.
   Rule 23(b)(3) ............................................................................................................ 11

Fed. R. Civ. P.
   Rule 23(c)(2)(B) ....................................................................................................... 23

Fed. R. Civ. P.
   Rule 23(e)(c) ............................................................................................................ 18

Federal Rule of Civil Procedure
   23(a)(2) ...................................................................................................................... 13

Federal Rule of Civil Procedure
   23(g) .......................................................................................................................... 15

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**I.     INTRODUCTION**

Plaintiffs Quentin Moore and Leah Ervin ("Plaintiffs") have reached a settlement with Defendant Fitness International, LLC (which does business as L.A. Fitness) ("Defendant" or "Fitness International"). Plaintiffs brought claims for two classes of gym employees: 1) a nationwide class of only personal trainers ("Settlement Collective" and 2) a California class of gym-level employees in various positions ("Settlement Class"). The settlement was reached through arms-length negotiations, after the parties exchanged information allowing a full evaluation of the case's strengths and weaknesses. The settlement provides adequate and reasonable compensation to the representative plaintiffs and the classes of gym employees.

As a matter of background, the claims of most gym-level employees in California (the Settlement Class) were settled, in large part, in another suit, *Baker et al. v. L.A. Fitness International, LLC*, Case No. BC438654 ("*Baker*").[1] Accordingly, the Settlement Class in this case is comprised of the gym-level employees who began their employment <u>after</u> the release date in *Baker*, and did not participate in that settlement. The Settlement Collective is composed of personal trainers nationwide, under the FLSA who were not covered under the *Baker* settlement.

Plaintiffs believe this settlement is an excellent result for personal trainers nationwide and gym-wide employees in California. Plaintiffs respectfully request the Court's preliminary approval, allowing notice to Class Members and an opportunity to respond.[2]

---

[1]     Declaration of Hannah R. Salassi, Esq. in Support of Joint Motion for Preliminary Approval of Class Action Settlement ("Salassi Decl."), ¶ 7, filed concurrently herewith. Unless otherwise noted, all exhibits cited herein are attached to the Salassi Decl.

[2]     Fitness International joins the instant motion for settlement purposes only and should not be deemed to concede any of the matters argued herein for purposes other than for settlement.  Fitness International expressly reserves its rights with respect to the defense of this action should the Court decline to grant preliminary or final approval of the Settlement.  In particular, Fitness International does not waive, but rather expressly reserves, all rights to challenge any and all claims and allegations asserted in this Action upon all procedural and substantive grounds,

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

## II.   FACTUAL SUMMARY

### A.   Settlement Collective

Plaintiff Moore originally brought suit as a collective action under Section 216(b) of the FLSA for all personal trainers employed by Defendant in its health and fitness facilities in the United States at any time on or after June 22, 2009.[3] The factual predicate for Mr. Moore's FLSA claim is Defendant's use of a session rate compensation system. Under that system, personal trainers are only compensated for the time actually spent in personal training sessions, but not the other tasks required prior and subsequent to the training sessions.[4] Mr. Moore's FLSA claims are also based on Defendant's failure to properly pay overtime.[5,6] Finally, Moore also alleged violations under California law, including, *inter alia*, meal and rest break violations.[7]

### B.   Settlement Class

Through this settlement, the parties also intend to resolve claims for California non-exempt club-level employees who began employment on or after December 1, 2011 (i.e. after the effective date of the *Baker* settlement).[8] Accordingly, Representative Plaintiff Leah Ervin joined the suit and brought claims under California law for herself and the California class, for: (1) unlawful failure to pay

including, without limitation, the ability to challenge collective and/or class action treatment on any grounds and to assert any and all potential defenses or privileges.
[3]     Salassi Decl. ¶ 3; *Dckt. No.* 1.
[4]     Salassi Decl. ¶ 5; Exhibit "A," Declaration of Quentin Moore in Support of Joint Motion for Preliminary Approval of Class/Collective Action Settlement ("Moore Decl.") ¶ 4; Exhibit "B," Plaintiff Moore's Pay Stubs.
[5]     Salassi Decl. ¶ 4. Plaintiff Moore also brings, on an individual basis, claims under California law for: (1) unlawful failure to pay overtime wages; (2) failure to provide meal and rest periods; (3) failure to reimburse for business expenses; (4) failure to provide accurate itemized wage statements; (5) unfair business practices; and (6) penalties under the Private Attorneys' General Act of 2004. These claims will being released as part of the general release Mr. Moore will provide under the Settlement.
[6]     Salassi Decl. ¶ 6; *Dckt. No.* 1; Exhibit "A," Moore Decl. ¶ 4.
[7]     Salassi Decl. ¶ 6; *Dckt. No.* 1.
[8]     Salassi Decl. ¶ 8.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

overtime wages; (2) failure to provide meal and rest periods; (4) failure to reimburse for business expenses; (5) failure to provide accurate itemized wage statements; (6) unfair business practices; (7) penalties under the Labor Code Private Attorneys' General Act of 2004; (8) unpaid minimum wages; (9) unlawful wage deductions; (10) wages not timely paid upon termination; (11) wages not timely paid during employment; and (12) breach of contract.[9]

Ms. Ervin's claims are based, *inter alia*, on Defendant's failure to compensate employees for off-the-clock work time, failure to adequately make meal and rest breaks available and failure to reimburse employees for business expenses.[10]

## III.   PROCEDURAL HISTORY AND SETTLEMENT NEGOTIATIONS

This case was filed by Plaintiff Moore on June 22, 2012.[11] At the same time, Plaintiffs' counsel, Scott Cole & Associates, APC ("SCA" or "Class Counsel") has also been prosecuting two other cases against Defendant for similar claims to those alleged on behalf of the California gym-level employees here: 1) *Commiato v. L.A. Fitness International, LLC*, Case No. BC476852 ("*Commiato*"), filed January 13, 2012[12] and 2) *Antis v. L.A. Fitness International, LLC*, Case No. 37-2011-00096680 ("*Antis*"), filed August 22, 2011.[13] *Commiato* is pending in Los Angeles County Superior Court and *Antis* is pending in San Diego County Superior Court.[14]

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

---

[9] Salassi Decl. ¶ 9; Exhibit "C," Joint Stipulation of Class and Collective Action Settlement and Release ("Settlement") § I ¶ 3. The First Amended Complaint ("FAC") is filed concurrently herewith.
[10] *See, generally*, FAC; Exhibit "D," Declaration of Leah Ervin in Support of Joint Motion for Preliminary Approval of Class/Collective Action Settlement ("Ervin Decl.") ¶ 3.
[11] Salassi Decl. ¶ 3; *Dckt. No.* 1.
[12] Salassi Decl. ¶¶ 10-11.
[13] Salassi Decl. ¶ 12
[14] Salassi Decl. ¶¶ 10, 12.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

The *Baker* settlement was granted final approval on December 12, 2012, subsuming the claims asserted in *Commiato* and *Antis* for the release period therein.[15] However, as a result of *Commiato* and *Antis*, Fitness International and Class Counsel have engaged in significant litigation over virtually identical issues to those presented here. The parties have propounded 222 discovery requests, noticed two depositions; filed three *ex parte* applications, three motions and a demurrer; and zealously argued their positions related to the *Baker* settlement through filings and appearances.[16] In addition, Fitness International has already extensively litigated the issues presented here in the *Baker* action.[17]  In *Baker*, the parties exchanged hundreds more discovery requests and responses, deposed the named plaintiffs and Persons Most Knowledgeable, and even litigated certain issues to the California Supreme Court.[18] Thus, the parties are very familiar with the facts and legal issues and able to properly value the claims involved.[19]

On September 10, 2012, the parties attended a full day mediation session with David A. Rotman, a well-respected mediator with substantial class action expertise.[20] Prior to mediation, Plaintiff submitted a thorough Brief summarizing the evidence, the state of the applicable law, and a comprehensive, class-wide damages analysis.[21] The mediation session proved fruitful and the parties reached an agreement in principle.[22] Nonetheless, the final terms of settlement were only reached after months of subsequent bilateral negotiations.[23]  The parties have finalized the Settlement

---

[15]   Salassi Decl. ¶ 14. The *Antis* and *Commiato* plaintiffs have reached individual settlements with Defendant with regard to their state court actions. Salassi Decl. ¶ 15.
[16]   Salassi Decl. ¶ 17.
[17]   Salassi Decl. ¶ 18.
[18]   Salassi Decl. ¶ 18.
[19]   Salassi Decl. ¶ 18.
[20]   Salassi Decl. ¶ 19.
[21]   Salassi Decl. ¶ 20.
[22]   Salassi Decl. ¶ 20.
[23]   Salassi Decl. ¶ 21.

1  Agreement and agreed to its terms and will submit a fully executed copy in short

2  order.[24]

3      As explained below, this Settlement is within the range of reasonableness and is

4  in the best interest of the Settlement Collective and the Settlement Class, in light of all

5  known facts and circumstances, including the risk of significant delay, defenses

6  asserted by Defendant, and potential appellate issues.[25]

7  **IV.    SUMMARY OF SETTLEMENT**

8      **A.    PROPOSED CLASSES**

9      Through this motion, Plaintiffs seek approval of the Settlement on behalf of the

10  following two classes:

11  "Settlement Class:"[26]  All non-exempt, club level Fitness International
   employees in the State of California who began employment on or after
12  December 1, 2011, from that date through the date of the Court's Order
   Granting Final Approval of this settlement (collectively, with Ervin, the
13  "Settlement Class").  The Settlement Class is not intended to include any
14  members of the *Baker* settlement class, which consists of non-exempt,
   club level Fitness International employees in the State of California that
15  began employment *before* December 1, 2011; and
16

17  "Settlement Collective:"[27] under the FLSA:  All persons employed by
18  Fitness International as Personal Trainers in the United States from June
   22, 2009, through the date of the Court's Order Granting Final Approval
19  of this settlement, excluding those individuals who filed a valid claim
   form in the *Baker* settlement (collectively, with Moore, the "Settlement
20  Collective") for the time period released therein, i.e. May 26, 2006
21  through December 12, 2012.

22

23

24

25

26

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

27  [24] Salassi Decl. ¶ 21; Exhibit "C," Settlement.
   [25] Salassi Decl. ¶ 22.
   [26] Exhibit "C," Settlement § III ¶ 16.
28  [27] Exhibit "C," Settlement § III ¶ 15.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**B.   CALCULATION OF THE SETTLEMENT SHARES**

This is a claims-made Settlement with a Gross Settlement Value ("GSV") of up to $600,000.00.[28] The portion of the settlement payable to the members of the Settlement Class and Settlement Collective who submit timely and valid claims is the Net Settlement Value ("NSV").[29] The NSV will be calculated by deducting from the GSV: 1) Enhancement Awards of up to $2,500 to Plaintiffs Moore and Ervin for their service to the class,[30] 2) Plaintiffs' attorneys' fees of up to 33.33%,[31] 3) reasonable litigation expenses, estimated at $9,408.07,[32] and 4) settlement notice and administration costs.[33]

The NSV will be allocated as follows:

**1.   Settlement Collective**

70% of the NSV will be allocated to the nationwide Settlement Collective for their claims under the FLSA, including the allegation that Defendant's session rate fails to compensate them for all hours worked. The pro rata shares will be calculated by 1) dividing their allocated portion of the NSV by the total number of Pay Cycles worked by all putative members of the Settlement Collective (the "Settlement Collective Pay Cycle Payment") and then 2) for each member of the Settlement Collective who returns a timely and complete Claim Form, their share of will calculated by multiplying the number of Pay Cycles the individual spent as a member of the Settlement Collective by the value of the Settlement Collective Pay Cycle Payment.[34]

---

[28]   Exhibit "C," Settlement § II ¶ 12.
[29]   Exhibit "C," Settlement § IX ¶ 47(e).
[30]   Exhibit "C," Settlement § 8 ¶ 43.
[31]   Exhibit "C," Settlement § 8 ¶ 42.
[32]   Exhibit "C," Settlement § 8 ¶ 42.
[33]   Exhibit "C," Settlement § II ¶ 14.
[34]   Exhibit "C," Settlement § 10 ¶ 61(a)-(b).

**2. Settlement Class**

30% of the NSV will be allocated to the Settlement Class, comprised of California gym-level employees who began their employment on or after December 1, 2011, a claims period of little more than a year. The funds will be allocated according to the formula fully set forth in the settlement agreement. In simple terms, the pro rata shares will be calculated by taking into account the differing pay rates applicable to the various job positions included in the Settlement Class, the total number of pay cycles worked by the entire Settlement Class and the individual number of pay cycles worked by those participating in the settlement.[35, 36] Notably, this is the same formula as the one used for the class in *Baker*, who released the same claims for an earlier time period.[37]

**C.   RELEASES**

**1. Settlement Collective**

The Settlement Collective members (nationwide personal trainers) who submit a timely Claim Form will release any and all claims under the FLSA or other law for all of the claims alleged in, arising from, related to or predicated on any of the allegations contained in the operative complaint. Those who do not submit timely Claim Forms will not release any claims and will not receive any portion of the settlement.[38]

**2. Settlement Class**

The Settlement Class members (California gym-level employees) who submit a timely Claim Form will release any and all claims alleged in, arising from, related to

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

---

[35] Exhibit "C," Settlement § V ¶ 33.
[36] Exhibit "C," Settlement § 10 ¶ 62(a)-(e).
[37] Notice of Motion and Motion for Final Approval of Class Action Settlement; Memorandum of Points and Authorities in *Baker* at 5:18-6:5.
[38] Exhibit "C," Settlement § X ¶ 70.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  or predicated on any of the allegations contained in the operative complaint, and will

2  receive his/her pro rata share of the settlement.[39]

3      The Settlement Class members who submit a request for exclusion will not

4  release any claims and will not receive any portion of the settlement.[40]

5      The Settlement Class members who do not submit a Claim Form or a request

6  for exclusion will be deemed to have released all of the claims alleged in, arising

7  from, related to or predicated on any of the allegations contained in the operative

8  complaint, except those claims arising under the FLSA.[41]

9

10      **D.      PROPOSED SEQUENCE OF EVENTS**

11      If the preliminary approval hearing proceeds as scheduled and this Court enters

12  a Preliminary Approval Order, notice shall be provided to the Settlement Class and

13  Settlement Collective as follows:

14      Defendant will provide the Claims Administrator with contact information for

15  the Settlement Class and Settlement Collective within 21 days of the Preliminary

16  Approval Order. The information will the name, social security number, dates of

17  employment, last known mailing address, phone number, and Pay Cycles of each

18  Class and Collective member.[42]

19      The Claims Administrator will mail the Notice and Claim Form ("Class Notice

20  Packet") to each individual in the Settlement Class and Settlement Collective within

21  10 days of receipt of the contact information.[43] The members of the Settlement

22  Class/Collective will have 60 days to respond ("Response Deadline").[44]

23

24

25

26  [39]   Exhibit "C," Settlement § XI ¶ 71; § X ¶ 62(a)-(e).
    [40]   Exhibit "C," Settlement § X ¶¶ 52, 54.
27  [41]   Exhibit "C," Settlement § XI ¶ 71.
    [42]   Exhibit "C," Settlement § V ¶ 27.
28  [43]   Exhibit "C," Settlement § V ¶ 32.
    [44]   Exhibit "C," Settlement § X ¶ 51(b).

Prior to mailing, the Claims Administrator will perform a search to update and correct for address changes.[45] Notice Packets returned as non-deliverable before the Response Deadline will promptly be re-sent to the forwarding address.[46] If no forwarding address appears, a skip trace or other search will be made and the Notice Packet will be remailed.[47] Individuals receiving a re-mailed Notice Packet will have the later of (i) an additional fifteen (15) days or (ii) the Response Deadline to postmark a Claim Form, Request for Exclusion, or an objection to the Settlement.[48]

Members of the Settlement Class (post-*Baker* gym-level California employees) have the option of submitting a Claim Form, a written Request for Exclusion or an objection to the settlement.[49, 50]

Members of the Settlement Collective (nationwide personal trainers) have the option of submitting a Claim Form or an objection to the settlement. Written objections, if any, must be filed with the Court and served on counsel for the parties no later than the Response Deadline.[51]

A reminder postcard will be sent between 25 and 30 days after the mailing to all individuals who have not returned a Claim Form or Request for Exclusion. All Reminder Postcards will include a short description of the proposed Settlement, the Response Deadline, and the contact information for Class Counsel and the Claims Administrator.[52]

The following table reflects the proposed sequence of events:

| Date/Triggering Event: | Event: |
| --- | --- |
| TBD | Court enters Preliminary Approval |

---

[45]   Exhibit "C," Settlement § V ¶ 31.
[46]   Exhibit "C," Settlement § V ¶ 31
[47]   Exhibit "C," Settlement § V ¶ 31.
[48]   Exhibit "C," Settlement § V ¶ 31.
[49]   Exhibit "C," Settlement § X ¶ 51(b).
[50]   Exhibit "C," Settlement § X ¶ 52.
[51]   Exhibit "C," Settlement § X ¶ 52.
[52]   Exhibit "C," Settlement § X ¶ 57.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

| Date/Triggering Event: | Event: |
| --- | --- |
| | Order. |
| [21 days after Preliminary Approval]: | Deadline for Defendant to provide the Settlement Class and Settlement Collective members' contact information to Claims Administrator.[53] |
| [31 days after Preliminary Approval]: | Deadline for Claims Administrator to mail Class Notice Packet.[54] |
| [60 days after Class Notice Packet mailed]: | Last day for any Settlement Class and Settlement Collective members to submit Claim Forms.[55] |
| [60 days after Class Notice Packet mailed]: | Last day for any Settlement Class and Settlement Collective member to object to the Settlement.[56] |
| [60 days after Class Notice Packet mailed]: | Last day for Settlement Class and Settlement Collective members to opt-out of the Settlement via a written Request for Exclusion.[57] |
| [between 25 and 30 days after Class Notice  Packet mailed]: | Claims Administrator to send a Reminder Postcard to all Settlement Class and Settlement Collective members who have not returned a Claim Form or a Request for Exclusion.[58] |
| [16 days or more before Final Approval Hearing]: *To be Determined* | Last Day for Class Counsel to file Motion for Final Approval and |

[53] Exhibit "C," Settlement § V ¶ 27.
[54] Exhibit "C," Settlement § V ¶ 32.
[55] Exhibit "C," Settlement § X ¶ 51(b).
[56] Exhibit "C," Settlement § X ¶ 52.
[57] Exhibit "C," Settlement § X ¶ 52.
[58] Exhibit "C," Settlement § X ¶ 57.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

| Date/Triggering Event: | Event: |
|---|---|
|  | Proposed Order and Judgment. |

## V.   CERTIFICATION OF THE SETTLEMENT CLASS

### A.   THE REQUIREMENTS OF RULE 23(a) AND RULE 23(b)

As required under Rule 23, Plaintiffs request that the Court make appropriate findings and conditionally certify the Settlement Class:[59]

> All non-exempt, club level Fitness International employees in the State of California who began employment on or after December 1, 2011, from that date through the date of the Court's Order Granting Final Approval of this settlement (collectively, with Moore in his individual capacity, the "Settlement Class"). The Settlement Class is not intended to include any members of the *Baker* settlement class, which consists of non-exempt, club level Fitness International employees in the State of California that began employment *before* December 1, 2011.

To certify a class, a district court must find that the proposed class meets the requirements of both Rule 23(a) and Rule 23(b). *See Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 623-24 (1997). Notably, a virtually identical class was already found to satisfy similar requirements under California Code of Civil Procedure 382 for settlement purposes by the court in *Baker*, though for a much longer class period, a finding that should inform the Court's analysis here.[60] As will be discussed below, based on Plaintiff's allegation in his Complaint, the Settlement Class meets all four prerequisites of Rule 23(a) class certification – numerosity, commonality, typicality, and adequacy of representation – in addition to the requirements of Rule 23(b)(3) – predominance of common issues and superiority of the class action device.

---

[59]   Exhibit "C," Settlement § III ¶ 16.
[60]   Exhibit "F," Order Granting Preliminary Approval of Class Action Settlement in *Baker* ¶ 2.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL. (510) 891-9800

**B.   NUMEROSITY, TYPICALITY AND ADEQUACY ARE MET**

**1.   The Settlement Class Satisfies the Numerosity Element**

Rule 23(a)(1) requires that a proposed class be so numerous that joinder of all class members be impracticable, although not impossible. *See* Fed. R. Civ. P. 23(a)(1); *Acosta v. Trans Union, LLC,* 243 F.R.D. 377, 384 (C.D. Cal. 2007); *Harris v. Palm Springs Alpine Estates, Inc.,* 329 F.2d 909, 913-14 (9th Cir. 1964). Here, the Settlement Class consists of 9,842 individuals, clearly large enough to make joinder impracticable.

**2.   The Settlement Class Satisfies the Typicality Element**

The permissive standard of typicality focuses on the similarity between the legal theories of the proposed class representatives and the class members they seek to represent. *See Hanlon,* 150 F.3d at 1020; *Staton,* 327 F.3d at 957.[61] In deciding whether individual variations preclude typicality, the focus is on the behavior of the defendants. *Day v. NLO,* 851 F.Supp. 869, 884 (S.D. Ohio 1994). Typicality is met here as the claims of the Settlement Class are based on the same legal and factual claims as that of Plaintiff Leah Ervin, i.e., *inter alia*, Defendant failed to properly compensate the Settlement Class, failed to adequately provide meal and rest breaks or pay the related penalties, failed to properly reimburse for business expenses and other claims arising from such conduct. As with commonality, the finding of typicality by the *Baker* court, under near-identical circumstances, should inform the Court's decision here.[62]

---

[61]   The typicality and commonality requirements "tend to merge," and a finding of commonality ordinarily will support a finding of typicality. *General Tel. Co. of Southwest v. Falcon,* 457 U.S. 147, 157 n.13 (1982); *Weiner v. Syntex Corp.,* 117 F.R.D. 641, 644 (N.D. Cal. 1987); *California Rural Legal Assistance v. Legal Services Co.,* 917 F.2d 1171, 1175 (9th Cir. 1990) (the named Plaintiffs need not be identically situated with all other class members, but must share a "common issue of law or fact.").
[62]   Exhibit "G," Order Granting Final Approval of Class Action Settlement in *Baker* ¶ 9.

### 3. Plaintiff and her Counsel Satisfy the Adequacy Element

The proposed Class Representative, Leah Ervin, has and will continue to "fairly and adequately protect the interests of the class" and has qualified, experienced counsel. Fed. R. Civ. P. 23(a)(4); *See Hanlon*, 150 F.3d at 1020; *Local Joint Exec. Bd. Of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.l,* 244 F.3d 1152, 1162 (9th Cir. 2001).[63]

In this case, there is no reason to doubt the adequacy of Plaintiff's counsel,[64] nor is there any evidence of antagonism between Plaintiff's interests and those of the Settlement Class. Plaintiff has litigated this case in good faith, and her interests are coextensive with the Settlement Class members: all share a common interest in challenging Defendant's wage, meal/rest break and other compensation policies.

### C. **RULE 23 COMMONALITY IS MET**

#### 1. Standard under Rule 23(a)(2)

Federal Rule of Civil Procedure 23(a)(2) requires that there is a question of law or fact common to the class, a standard which is easily met. *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1019-20 (9th Cir. 1998) (emphasizing "minimal" requirements and "permissive" interpretation of Rule 23(a)(2)); *Baby Neal for and by Kanter v. Casey,* 43 F.3d 48, 56 (3d. Cir. 1994); *Slaven v. BP Am., Inc.* 190 F.R.D. 649, 655 (C.D. Cal. 2000) (most courts have construed requirements "quite liberally"). Plaintiffs can satisfy the commonality requirement by showing a common legal issue with divergent factual predicates or a common nucleus of facts with divergent legal remedies. *See Hanlon,* 150 F.3d at 1019; *Staton v. Boeing Co.,* 327 F.3d 938, 953 (9th Cir. Wash 2003). Even the presence of one common issue of law or fact is sufficient. *See Haley v. Medtronic, Inc.,* 169 F.R.D. 643, 648 (C.D. Cal. 1996); *Slaven,* 190 F.R.D. at 655.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

---

[63] *See, generally,* Exhibit "D," Ervin Decl.
[64] Exhibit "H," SCA's Professional Resume.

1    Here, the common issues of law and fact include whether Defendant's

2  compensation, meal and rest break and expense reimbursement policies and

3  procedures comply with California law.[65]

4

5              **2.    Standard Under Rule 23(a)(3)**

6    In addition, a district court must also find that common issues of law or fact

7  "predominate over any questions affecting only individual members." Fed. R. Civ. P.

8  23(b)(3); *see also Hanlon,* 150 F.3d at 1022. This requires that the Plaintiffs and the

9  Class Members show that resolving the common issues would provide answers to the

10  key questions in the litigation. *Wal-Mart Stores, Inc. v. Dukes,* 131 S. Ct. 2541, 2551

11  (2011).

12    Plaintiff and the Settlement Class members seek, *inter alia*, unpaid wages,

13  meal/rest break penalties and reimbursement for expenses. These allegations are based

14  on Defendant's common policies and procedures regarding compensation for off-the-

15  clock work, meal and rest periods and expense reimbursement. Because these policies

16  and procedures are utilized across the board at Defendant's gyms, the resolution of

17  whether these policies are or are not legal would resolve all of the class members'

18  claims at once.[66] Furthermore, because the "predominance" factor concerns liability,

19  any variation in damages is no defeat class certification. *Blackie v. Barrack,* 524 F.2d

20  891, 905-06 (9th Cir. 1975). Accordingly, even if, at the end of the liability phase,

21  individual assessments would have to be conducted to determine each class members'

22  damages, that should not preclude certification. Moreover, in the settlement context,

23  the formula for individually assessing each class member's share has already been

24  resolved. Certification for settlement purposes is proper for the Settlement Class.

25

26

27

28   [65] *Dckt. No.* 1; Exhibit "D," Ervin Decl. ¶¶ 3-4.
     [66] Exhibit "D," Ervin Decl. ¶¶ 3-4.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

### D.   CLASS TREATMENT IS SUPERIOR AND MANAGEABLE

It is equally clear that the class action device is "superior to other available methods of the fair and efficient adjudication of this controversy." Fed. R. Civ. P. 23(b)(3). All of the Settlement Class members' claims can be fairly, adequately and efficiently resolved to a degree that no other mechanism or forum would provide. As in *Hanlon,* alternative methods of resolution are individual claims for a relatively small amount of damages, which "would prove uneconomic for potential plaintiffs" because "litigation costs would dwarf recovery." *See Hanlon,* 150 F.3d at 1023.

Finally, there are no issues of manageability precluding certification. A court considering a settlement-only class like this one need not inquire whether the case would present intractable problems of trial management, but whether the other requirements under Rule 23 are satisfied. *See, e.g., Amchem,* 521 U.S. at 620. In any event, the settlement process and plan of distribution is efficient and manageable. All of these commonality factors were already considered and resolved, in favor of certification, by the *Baker* court, warranting the same result here.[67]

## VI.   SCA SHOULD BE APPOINTED AS CLASS COUNSEL

Federal Rule of Civil Procedure 23(g) requires courts to consider four factors when appointing class counsel: (1) whether counsel has investigated the class claims; (2) whether counsel is experienced in handling class actions and complex litigation; (3) whether counsel is knowledgeable regarding the applicable law; and (4) whether counsel will commit adequate resources to representing the class. *See Morelock Enterprises, Inc. v. Weyerhaeuser Co.,* 2004 U.S. Dist. LEXIS 28270, *16-17 (D. Or. 2004). Defendant does not dispute that Class Counsel meets these requirements for purposes of the present Settlement; however, even if such appointment was opposed,

---

[67]   Exhibit "G," Order Granting Final Approval of Class Action Settlement in *Baker* ¶ 3.

it is clear from the record presented herein that Class Counsel meets these requirements.

Prior to Settlement, Class Counsel performed a more than adequate investigation into the class claims. Class Counsel relied on information provided by Defendant in advance of mediation, as well as the investigation and information obtained in the *Antis* and *Commiato* cases and from the Representative Plaintiffs in this case.[68] Armed with that information, Class Counsel negotiated with Defendant to achieve adequate compensation for the Class and Collective.[69]

## VII.   THE PROPOSED SETTLEMENT SHOULD BE GRANTED PRELIMINARY APPROVAL

### A.   <u>SETTLEMENT COLLECTIVE</u>

To evaluate approval of an FLSA settlement, the district court must scrutinize it for fairness, i.e. whether it is a fair and reasonable resolution of a bona fide dispute. *See Lynn's Food Stores, Inc. v. United States, et al.,* 679 F.2d 1350, 1353 (11th Cir. 1982); *Schulte, Inc. v. Gangi,* 328 U.S. 108, 113 n.8 (1946); *Jarrard v. Southeastern Shipbuilding Corporation,* 163 F.2d 960, 961 (5th Cir. 1947); *Zhou v. Wang's Rest.,* 2006 U.S. Dist. LEXIS 84397 (N.D. Cal. 2006). Here, the Court is evaluating the fairness of the Settlement Collective on behalf of approximately 10,196 personal trainers.[70]

Here, a bona fide dispute exists related to Defendant's session rate compensation, including whether Settlement Collective members were properly compensated for all hours worked and properly reimbursed for business expenses.

---

[68]   Salassi Decl. ¶ 20; Exhibit "A," Moore Decl ¶ 9; Exhibit "D," Ervin Decl. ¶ 5.

[69]   Salassi Decl. ¶¶ 17, 20.

[70]   10,196 includes California personal trainers, some of whom may have participated in the *Baker* settlement, and will therefore only be entitled to recover for a short time period in the instant settlement. This information will be confirmed by declaration from Defendant.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

Specifically, the question is whether, under the FLSA, paying only a session rate for training sessions, without compensation for work outside those sessions, is lawful. In addition, Defendant disputes that it failed to reimburse members of the Settlement Collective for business expenses such as class certifications. In order to determine whether the settlement was a fair and adequate resolution, Class Counsel considered the following factors:

1) The FLSA only protects payment of minimum and overtime wages.[71]

2) Personal Trainers make, on average, $12.00 per hour, which is well above the federal minimum wage.[72]

3) Even including work outside training sessions, Personal Trainers work an average of 21.7 hours per week, which would not give rise to any overtime wages. Moreover, for any Personal Trainer to have a claim for failure to pay minimum wage, he/she would have to work, at least, an *additional* 20 hours in any given week.

4) Personal Trainers are able to obtain compensation for all hours worked, even if "off the clock," by inputting their time into the Training Appointment module.

5) In August of 2011, Defendant clarified its reimbursement policies in an email to all L.A. Fitness employees.[73]

With these factors in mind, Class Counsel is of the opinion the proposed Settlement is a fair and reasonable compromise of the claims of the Settlement Collective.

---

[71]     29 U.S.C. § 216(b); *Ontiveros v. Zamora,* 2009 U.S. Dist. LEXIS 13073, *9-14 (E.D. Cal. Feb. 20, 2009).

[72]     The facts set forth in Items 2 – 4 were provided by Defendant as part of the mediation, and will be confirmed by declaration filed with this Court in short order.

[73]     Exhibit "J," Declaration of David R. Markham in Support of Motion for Preliminary Approval of Class Action Settlement in *Baker* ("Markham Decl.") ¶ 10.

### B.     SETTLEMENT CLASS

#### 1.     Standard Under Rule 23

Rule 23(e)(c) requires that the court find a class settlement to be fair, reasonable and adequate. The primary concern is the "protection of class members whose rights may not have been given adequate consideration during the settlement negotiations." *In re Jiffy Lube Securities Litigation*, 927 F. 3d 155, 158 (4th Cir. 1991). The law <u>favors</u> settlement, particularly in class actions and other complex cases, where substantial resources can be conserved by avoiding formal litigation. 4 *Newberg on Class Actions* 4th (2002) ("*Newberg*") § 11:41; *see also City of Seattle*, 955 F.2d at 1276; *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 950 (9th Cir., 1976); *Potter v. Pacific Coast Lumber Company*, 37 Cal.2d 592, 602 (1951).

At this point, the Court only determines whether the proposed settlement is within the range of possible approval, making notice to the Settlement Class and a formal fairness hearing worthwhile. *Wershba v. Apple Computer, Inc.*, 91 Cal.App.4th 224, 234-35 (2001); *see also* 4 *Newberg* § 11:25; *Mallick v. Superior Court*, 89 Cal.App.3d 434, 438 [1979]) (the Court must find only that the settlement falls within the range of possible final approval, also described as "the range of reasonableness.").

Courts balance several factors, including the strength of plaintiff's case, the risk, expense, complexity and likely duration of further litigation, the risk of maintaining a class action through trial, the amount offered in settlement, the extent of discovery completed, the stage of the proceedings and the experience and views of counsel. *Hanlon*, 150 F. 3d at 1026; *In re Mego Financial Corp. Securities Litig.*, 213 F.3d 454, 458 (9th Cir. 2000). Courts must also give "proper deference to the private consensual decision of the parties," since "the court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

concerned." *Hanlon*, 150 F.3d at 1027. Indeed, as "a settlement is the offspring of compromise," the question upon preliminary approval "is not whether the final product could be prettier, smarter or snazzier, but whether it is fair, adequate and free from collusion." *Id.*

### 2. The Risks, Complexity, Expense, and Likely Duration of Further Litigation Support Approval

When analyzing preliminary approval, the court should weigh the benefits of the Settlement against the expense and delay involved in achieving an equivalent or even more favorable result at trial. *Young v. Katz*, 447 F.2d 431, 433 (5th Cir. 1971). As the Court is undoubtedly aware, the expense and delay involved in trying the claims of the Settlement Class would seriously detract from the value of any recovery, which might result in less going to the class.

That this is a class action means that the economies of time, effort and expense achieved by this Settlement are even greater than in an individual action. The alternative– i.e., individual litigation – could tax private and judicial resources over a period of years and, given the relatively modest amount of damages each class member allegedly incurred, would be uneconomical even for those able to secure individual representation.

Finally, with regard to risk of a denial of certification or loss at the liability phase, Class Counsel considered following factors:

1) Some employees, such as personal trainers and sales representatives, work several hours off-the-clock each week, while others, such as class instructors, reported that they worked generally only about 2 hours a week and rarely worked off-the-clock.[74]

---

[74] Exhibit "I," Second Supplemental Declaration of Miriam L. Schimmel in Support of Motion for Preliminary Approval of Class Action Settlement in *Baker* ("Schimmel Decl.") ¶¶ 3, 5.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

2) The aggregate value of all time spent by class instructors outside of teaching group classes amounted to about $25,000.[75]

3) Defendant also pays Class Instructors for an hour of their time, even though classes last only 50 minutes, to account for any off-the-clock work.[76]

4) Around April of 2010, L.A. Fitness modified its time-keeping procedures to allow Class Instructors to report all time worked separate and apart from teaching their group classes.[77]

5) Although other categories of employees might work more hours in a week, they are even less likely to perform work off-the-clock, given that most of their duties will be performed on-site (vs. instructors, who might prepare choreography or music at home).

6) Plaintiffs' off-the-clock claims are vulnerable to a defense that the claims are *de minimis*, and had to be discounted.[78]

7) Class Members also reported missing an average of one meal period per week.[79]

8) Defendant verified that a significant number of meal period premiums were paid and only unreported missed meal periods were uncompensated.[80]

9) Class Members also missed approximately one rest break per week. Because employers have no obligation to record rest periods, the relative lack of written proof, besides the declarations from the Class Members, would have diminished the prospect of certifying the claim.[81]

10) The Supreme Court's decision in *Brinker v. Super.Ct.*, 165 Cal. App. 4th 25, 21 (2008) (holding that employers "need only provide [meal breaks] and not ensure they are taken"), was a decidedly mixed result

[75] Exhibit "I," Schimmel Decl. ¶ 5.
[76] Exhibit "I," Schimmel Decl. ¶ 5.
[77] Exhibit "I," Schimmel Decl. ¶ 5.
[78] Exhibit "I," Schimmel Decl. ¶ 5.
[79] Exhibit "I," Schimmel Decl. ¶ 6.
[80] Exhibit "I," Schimmel Decl. ¶ 6.
[81] Exhibit "I," Schimmel Decl. ¶ 7.

with regard to meal and rest break claims, favorable to workers in parts, but also establishing doctrines favorable to employers.

11) Plaintiffs alleged that L.A. Fitness did not reimburse Class Members for expenses incurred by the employees in the execution of their duties. As a general matter, Defendant would likely argue that such claim raise individualized issues, citing variances in expenses such as mileage and the lack of documentation.

12) In August of 2011, Defendant clarified its reimbursement policies in an email to all L.A. Fitness employees.[82]

13) L.A. Fitness provided a sampling of 17,000 employee time records (for 150 employees).  The sampling allowed for one to determine the scheduled time (the time for which the employee was paid) and the time recorded by the log-in and log-out times. These records revealed that the median underpayment for all of Defendant's hourly employees was approximately 3 hours per workweek.[83]

14) Plaintiffs also brought claims for PAGA penalties and waiting-time penalties, based on the failure to pay for all time worked and pay the appropriate meal and rest premiums.  Defendant could have argued that PAGA penalties are discretionary, and any amount sought could be reduced or denied in full by a court (Cal.Lab.Code § 2699.3(1)).[84]

15) The lack of published cases to provide courts with guidance as to the application and discretion in approving PAGA awards renders valuation of the amount uncertain and implies a corresponding discount for settlement.

16) Section 203 arguably requires a willful failure to pay wages, and in light of the difficulties associated with establishing a common policy of paying wages after they are due, the value of the claim had to be discounted.

---

[82]    Exhibit "J," Declaration of David R. Markham in Support of Motion for Preliminary Approval of Class Action Settlement in *Baker* ("Markham Decl.") ¶ 10.
[83]    Exhibit "J," Markham Decl. ¶ 12.
[84]    Exhibit "I," Schimmel Decl. ¶ 11.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1    With these factors in mind, the benefits of this contractual resolution are clear.

2    The distribution calculations are fair, objective and will reasonably approximate the

3    relative damages suffered by each Class Member, because the pro rata share of the

4    Net Settlement Amount is tied to the number of workweeks worked by each Class

5    Member. This proposed plan of distribution takes into account factors that would

6    affect recoveries if this litigation were successful through judgment, e.g. the amount

7    of time worked for Defendant.

8    Plaintiff believes that the settlement is, under the circumstances, fair and

9    adequate and provides for reasonable compensation to the Settlement Class.

10

11   **VIII.  THE COURT SHOULD ORDER NOTICE AND CLAIM FORMS BE**

12   **DISTRIBUTED**

13   **A.    SETTLEMENT COLLECTIVE**

14   This Court has discretion to facilitate notice to potential Settlement Collective

15   members, so they may elect to participate in the lawsuit. *Hoffman La-Roche, Inc. v.*

16   *Sperling,* 493 U.S. 165, 169 (1989); *see also Douglas v. GE Energy,* 2007 U.S. Dist.

17   LEXIS 32449 at *11 (N.D. Ohio 2007) (employees must receive accurate and timely

18   notice of the pendency of the collective action that allows them to make informed

19   decisions about whether to participate or not.). In determining whether the notice is

20   appropriate, the Court may consider whether certain elements are present, *e.g.* "the

21   allegations of the complaint, the right to opt-in, the right to appear through one's own

22   counsel, entitlement to individual relief, and time limits for exercise of the right to opt

23   in." *Id.* As is evident from the contents of the Notice and Claim Form, the members of

24   the Settlement Collective are being apprised of all of the necessary elements,

25   including the allegations, right and deadline to opt-in and entitlement to relief.[85]

26   _____

27   [85]   Exhibit "C," Settlement ¶¶ 26, 28-29. Attached to the Settlement Agreement

28   are the Class Notices (Exhibit C), and Claim Forms (Exhibit D) (collectively the
     "Class Notice Package")." Exhibit "A," Settlement ¶ 32.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

## B.   SETTLEMENT CLASS

Under Rule 23(c)(2)(B), the Court must direct to Settlement Class Members the best notice practicable under the circumstances, describing: (1) the nature of the action; (2) the definition of the class certified; (3) the class claims, issues, or defenses; (4) that a class member may enter an appearance through counsel if the member so desires; (5) that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and (6) the binding effect of a class judgment on class members under Rule 23(c)(3). *See* Fed. R. Civ. P. Rule 23(c)(2)(B).

The content of the proposed Notice and Claim Form[86] for the Settlement Class fully comply with FRCP Rule 23. The documents provide the definition of the Settlement Class, describe the nature of the action, provide specifics regarding the date, time, and place of the Final Approval Hearing, and inform Class Members what their options are (i.e., opt out, file a claim, or object) and their deadline in which to do so. The documents explain that the Settlement Release will apply to Class Members' claims unless they timely opt out from the Settlement. The documents also inform the Class Members that the Settlement Amount will be used to compensate Plaintiffs' Counsel for the approved amount of costs and fees and the class representatives approved enhancement awards.

Based on the adequacy of both the contents and distribution process of the Notices to the Settlement Collective and Settlement Class, the parties request the Court approve such Notices and the accompanying Claim Form, for distribution to the Class Members.

---

[86]   Exhibit "C," Settlement, at Exhibits C-D, Notices and Claim Forms.

## IX. THE SERVICE PAYMENTS ARE REASONABLE AND ROUTINELY AWARDED

The modest payment of $2,500 to Plaintiffs Moore and Ervin are intended to recognize the time and effort expended on behalf of the Class. Indeed, "[c]ourts routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Ingram v. The Coca-Cola Co.*, 200 F.R.D. 685, 694 (N.D. Ga. 2001), *quoting In Re S. Ohio Correctional Facility*, 175 F.R.D. 270, 272 (S.D. Ohio 1997)). In this case, the Class Representatives stepped forward and filed suit against their employer despite fears of retaliation and the potential risk of a substantial cost award if the suit were unsuccessful. Plaintiffs remained in regular contact with Class Counsel and answered questions regarding Defendant's business operations, policies, and procedures.   Accordingly, the modest payment to the Class Representatives is appropriate and justified as part of the overall Settlement.

## X. CONCLUSION

Based on the foregoing, and because the Settlement is beneficial to the Class Members and will efficiently, economically and favorably resolve what would have been an otherwise protracted and expensive litigation, the parties respectfully urge the Court to issue an Order Granting Preliminary Approval of the parties' Class/Collective Action Settlement.


Dated: February 14, 2013

                                        **SCOTT COLE & ASSOCIATES, APC**


                                        By:   /s/ Hannah R. Salassi _____
                                              Hannah R. Salassi, Esq.
                                              Attorneys for the Representative Plaintiff
                                              and the Plaintiff Class

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800