1    *Counsel of Record on the Next Page*

2

3

4                    **UNITED STATES DISTRICT COURT**

5                  **SOUTHERN DISTRICT OF CALIFORNIA**

6

7    QUENTIN MOORE and LEAH          )    **Case No. 3:12-CV-1551-LAB-NLS**
     ERVIN, individually, and on      )
8    behalf of all others similarly   )    **CLASS ACTION**
     situated,                        )
9                                     )    **JOINT NOTICE OF MOTION AND**
                      Plaintiffs,     )    **MOTION; MEMORANDUM OF**
10                                    )    **POINTS AND AUTHORITIES IN**
     vs.                              )    **SUPPORT OF MOTION FOR AN**
11                                    )    **ORDER:**
     FITNESS INTERNATIONAL,           )
12   LLC,                             )    **(1)    GRANTING FINAL APPROVAL**
                                      )    **       OF CLASS/COLLECTIVE**
13                    Defendant.      )    **       ACTION SETTLEMENT**
                                      )    **       AGREEMENT;**
14                                    )    **(2)    AWARDING ATTORNEYS'**
                                      )    **       FEES AND COSTS TO CLASS**
15                                    )    **       COUNSEL;**
                                      )    **(3)    APPROVING ENHANCEMENT**
16                                    )    **       AWARD TO THE CLASS**
                                      )    **       REPRESENTATIVES;**
17                                    )    **(4)    AWARDING**
                                      )    **       REIMBURSEMENT OF CLAIMS**
18                                    )    **       ADMINISTRATION FEES AND**
                                      )    **       COSTS; AND**
19                                    )    **(5)    ENTERING JUDGMENT OF**
                                      )    **       DISMISSAL WITH PREJUDICE**
20                                    )
                                      )    **Date:   November 12, 2013**
21                                    )    **Time:   12:00 p.m.**
                                      )    **Room:   Courtroom 14A**
22                                    )    **Judge:  The Honorable Larry Alan**
                                      )    **        Burns**
23   ─────────────────────────────

24

25

26

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  Matthew R. Bainer, Esq. (S.B. #220972)
   Molly A. DeSario, Esq. (S.B. #230763)
2  Hannah R. Salassi, Esq. (S.B. #230117)
   **SCOTT COLE & ASSOCIATES, APC**
3  1970 Broadway, Ninth Floor
   Oakland, California 94612
4  Telephone: (510) 891-9800
   Facsimile: (510) 891-7030
5  Email:      mbainer@scalaw.com
   Email: mdesario@scalaw.com
6  Email: hsalassi@scalaw.com
   Web: www.scalaw.com
7
   Attorneys for Representative Plaintiffs
8  and the Plaintiff Class

9  FRAMROZE M. VIRJEE (S.B. #120401)
   fvirjee@omm.com
10 O'MELVENY & MYERS LLP
   400 South Hope Street
11 Los Angeles, CA  90071-2899
   Telephone:   (213) 430-6000
12 Facsimile:    (213) 430-6407

13 ADAM J. KARR (S.B. #212288)
   akarr@omm.com
14 O'MELVENY & MYERS LLP
   610 Newport Center Drive, 17th Floor
15 Newport Beach, CA  92660-6429
   Telephone:   (949) 760-9600
16 Facsimile:    (949) 823-6994

17
   Attorneys for Defendant
18 FITNESS INTERNATIONAL, LLC

19

20

21

22

23

24

25

26

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**NOTICE OF MOTION**

**TO EACH PARTY AND TO EACH ATTORNEY OF RECORD IN THIS ACTION:**

    **NOTICE IS HEREBY GIVEN** that on November 12, 2013 at 12:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 14A, of the United States District Court for the Central District of California, located at 333 West Broadway, Suite 1410, San Diego, California 92101, before the Honorable Larry Alan Burns, plaintiffs Quentin Moore and Leah Ervin will, and hereby do move the Court pursuant to Federal Rule of Civil Procedure 23(e) for an Order Granting Final Approval of Class Action/Collective Action Settlement Agreement, Awarding Attorneys' Fees and Costs to Class Counsel, Approving an Enhancement Award to the Class Representatives, Awarding Reimbursement of Claims Administration Fees and Costs and Entering Judgment of Dismissal with Prejudice.

    Plaintiffs and Defendant make this Motion on the grounds that the proposed settlement is fair, adequate and reasonable.  This motion is based upon this Notice of Motion and Motion, Memorandum of Points and Authorities, the Declaration of Molly A. DeSario, Esq. and exhibits attached thereto, other records, pleadings, and papers filed in this Action, and upon such other documentary and oral evidence or argument as may be presented to the Court at the hearing of this Motion.

Dated: October 8, 2013

                    **SCOTT COLE & ASSOCIATES, APC**

                    By:   /s/ Molly A. DeSario
                         Molly A. DeSario, Esq.
                         Attorneys for the Representative Plaintiff
                         and the Plaintiff Class

                    **O'MELVENY & MYERS LLP**

                    By:   /s/ Adam J. Karr
                         Adam J. Karr, Esq.
                         Attorneys for Defendant
                         Fitness International, LLC

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

# **TABLE OF CONTENTS**

I.    INTRODUCTION AND SUMMARY OF ARGUMENT ............................ 1

II.    PROCEDURAL HISTORY AND SETTLEMENT NEGOTIATIONS ........ 2

III.    SUMMARY OF SETTLEMENT TERMS ........................................ 4

     A.    PROPOSED CLASSES ................................................ 4

     B.    CALCULATION OF THE SETTLEMENT SHARES ...................... 4

         1.    Settlement Class ........................................................ 5

         2.    Settlement Collective .................................................. 5

     C.    RELEASES .............................................................. 6

         1.    Settlement Class ........................................................ 6

         2.    Settlement Collective .................................................. 6

         3.    Named Plaintiffs ....................................................... 6

IV.    LEGAL ARGUMENT ........................................................... 7

     A.    STANDARD FOR APPROVAL .......................................... 7

     B.    ALL PERTINENT FACTORS WEIGH IN FAVOR OF FINAL
         APPROVAL ............................................................... 8

         1.    Strength of the Case ................................................... 8

         2.    Size of the Claims and Amount Offered to Settle Them ........... 9

         3.    The Risk, Expense, Complexity and Likely Duration of
            Further Litigation ..................................................... 10

         4.    Class Representation ................................................. 10

         5.    The Reaction of the Class to the Proposed Settlement ............ 11

V.    THE PARTIES FULLY IMPLEMENTED THE COURT-ORDERED
NOTICE PROGRAM AND THE CLAIMS ADMINISTRATOR'S
PAYMENT SHOULD BE APPROVED ...................................... 12

VI.    FINAL CLASS CERTIFICATION IS APPROPRIATE ............................ 13

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

VII.   DEFENDANT PROVIDED NOTICE PURSUANT TO 28 U.S.C. § 1715 .......................................................................................... 14

VIII.  THE REQUESTED ATTORNEYS' FEES AND COSTS ARE FAIR ....... 14

A.   THE TRIAL COURT HAS WIDE DISCRETION OVER THE AMOUNT OF THE FEE AWARD .................................................. 15

B.   THE FEE REQUEST IS SUPPORTED BY THE FACTORS COURTS CONSIDER WHEN APPROVING REQUESTS FOR ATTORNEYS' FEE AWARDS ......................................................... 16

1.   The Results Achieved Support the Fee Request ..................... 18

2.   The Risk of Litigation Supports the Fee Request.................... 19

3.   The Skill Required and the Quality of Work Support the Fee Request................................................................................. 19

4.   The Contingent Nature of the Fee and the Financial Burden Borne by Plaintiffs Supports the Fee Request.......................... 20

5.   Awards Made in Similar Cases Support the Fee Request........ 22

C.   THE FEE REQUEST ALSO COMPORTS WITH OTHER COURTS' AWARDS UNDER THE LODESTAR APPROACH ..... 23

D.   CLASS COUNSEL'S COSTS ARE REASONABLE AND WERE INCURRED TO BENEFIT THE CLASS.............................. 24

E.   THE REPRESENTATIVE PLAINTIFFS ARE ENTITLED TO AN ENHANCEMENT AWARD ...................................................... 25

IX.   CONCLUSION ........................................................................................... 26

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

# TABLE OF AUTHORITIES

**Cases**

*Ackerman v. Western Electric Co.*,
  643 F. Supp. 836 (N.D. Cal. 1986) ......................................................15

*Amchem Prods. v. Windsor*,
  521 U.S. 591 (1997).............................................................13, 14

*Arenson v. Bd. of Trade*,
  372 F. Supp. 1349 (N.D. Ill. 1974) .....................................................24

*Barcia v. Contain-A-Way, Inc.*,
  2009 U.S. Dist. LEXIS 17118 (S.D. Cal. Mar. 6, 2009) 19, 26

*Boeing Co. v. Van Gemert*,
  444 U.S. 472 (1980).............................................................16, 18

*Boyd v. Bechtel Corp.*,
  485 F. Supp. 610 (N.D. Cal. 1979) .....................................................12

*Buccellato v. AT&T Operations, Inc.*,
  2011 U.S. Dist. LEXIS 85699 (N.D. Cal. June 30, 2011) .............................15, 17

*Chun-Hoon v. McKee Foods Corp.*,
  716 F. Supp. 2d 848 (N.D. Cal. 2010) .................................................11

*Churchill Village, L.L.C. v. General Electric*,
  361 F.3d 566 (9th Cir. 2004).........................................................12

*City of Detroit v. Grinnell Corp.*,
  495 F.2d 448 (2d Cir. 1974)..........................................................9

*City of Riverside v. Rivera*,
  477 U.S. 561 (1986).................................................................15

*Cook v. Niedert*,
  142 F.3d 1004 (7th Cir. 1998)........................................................26

*Cornn/Despres v. United Parcel Service, Inc. et al.*,
  Case No. 3:03-cv-02001 TEH (N.D. Cal., 2007)........................................20

*Fischel v. Equitable Life Assurance Soc'y of the U.S.*,
  307 F.3d 997 (9th Cir. 2002))....................................................16, 17

*Franklin v. Kaypro Corp.*,
  884 F.2d 1222 (9th Cir. 1989)........................................................7

*Glass v. UBS Fin. Servs.*,
  2007 U.S. Dist. LEXIS 8476 (N.D. Cal. Jan. 26, 2007) .........................17, 24, 26

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998)..................................................................7, 13, 23

*Harman v. Lyphomed, Inc.*,
  945 F.2d 969 (7th Cir. 1991)..................................................................24

*Harrison v. Bloomfield Bldg. Industries, Inc.*,
  435 F.2d 1192 (2d Cir. 1970) ..................................................................15

*In re Activision Sec. Litig.*,
  723 F. Supp. 1378 (N.D. Cal. 1989)..................................................17, 23

*In re Am. Bank Note Holographics, Inc.*,
  127 F.Supp. 2d 418 (S.D.N.Y. 2001)..................................................11

*In re Beverly Hills Fire Litig.*,
  639 F. Supp. 915 (E.D. Ky. 1986) ..................................................24

*In re Cenco, Inc. Sec. Litig.*,
  519 F. Supp. 325 (7th Cir. 2003) ..................................................24

*In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*,
  55 F.3d 768 (3d Cir. 1995)..................................................................10

*In re GNC Shareholder Litig.*,
  668 F. Supp. 450 (W.D. Pa. 1987)..................................................25

*In re Heritage Bond Litig.*,
  2005 U.S. Dist. LEXIS 13555 (C.D. Cal. June 10, 2005) ..........................16, 17

*In re Omnivision Technologies, Inc.*,
  559 F. Supp. 2d 1036 (N.D. Cal. 2007) ..............................17, 18, 19, 21

*In re Quantum Health Resources, Inc., Sec. Litig.*,
  962 F. Supp. 1254 (C.D. Cal. 1997) ..................................................19, 21

*In re United Energy Corp. Sec. Litig.*,
  1989 U.S. Dist. LEXIS 19146 (C.D. Cal. Mar. 9, 1989)..................................25

*In re Warner*,
  618 F. Supp. 735 (1985)..................................................................25

*Knight v. Red Door Salons, Inc.*,
  2009 U.S. Dist. LEXIS 11149 (N.D. Cal. Feb. 2, 2009) ..................................22

*Kurihara v. Best Buy Co., Inc.*,
  Case No. C 06-01884 MHP (N.D. Cal., 2007) ..................................20

*Laguna v. Coverall N. Am., Inc.*,
  2012 U.S. Dist. LEXIS 23381 (S.D. Cal. Feb. 23, 2012) ..................................19

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

*Linney v. Cellular Alaska P'ship,*
  151 F.3d 1234 (9th Cir. 1998)..................................................................9, 23

*Lubliner v. Maxtor Corp.,*
  1990 U.S. Dist. LEXIS 3930 (N.D. Cal. Feb. 14, 1990) ....................................23

*Mandujano v. Basic Vegetable Prods., Inc.,*
  541 F.2d 832 (9th Cir. 1976) ............................................................................11

*McPhail v. First Command Fin. Planning, Inc.,*
  2009 U.S. Dist. LEXIS 26544 (S.D. Cal. Mar. 30, 2009) .................................17

*Morris v. Lifescan, Inc.,*
  54 Fed. Appx. 663 (9th Cir. Cal. 2003) ............................................................23

*Mullane v. Central Hanover Bank & Trust Co.,*
  339 U.S. 306 (1950) ..........................................................................................12

*Nat'l Rural Telcomms Coop. v. DIRECTV, Inc.,*
  221 F.R.D. 523 (C.D. Cal. 2004) ......................................................................11

*Officers for Justice v. Civil Service Comm'n,*
  688 F.2d 615 (9th Cir. 1982) .........................................................................7, 9

*Otero v. Rent-A-Center, Inc.,*
  (L.A. Super. Ct. 2000) No. BC217038 ..............................................................24

*Paul, Johnson, Alston & Hunt v. Graulty,*
  886 F.2d 268 (9th Cir. 1989) ............................................................................24

*Powers v. Eichen,*
  229 F.3d 1249 (9th Cir. 2000)...........................................................................22

*Rodriguez v. West Publishing Corp.,*
  563 F.3d 948 (9th Cir. 2009)............................................................................12

*Romero v. Producers Dairy Foods, Inc.,*
  2007 U.S. Dist. LEXIS 86270 (E.D. Cal. Nov. 13, 2007)..................................22

*Schiller v. David's Bridal, Inc.,*
  2012 U.S. Dist. LEXIS 80776 (E.D. Cal. June 11, 2012) ......................15, 17, 19

*Six (6) Mexican Workers v. Arizona Citrus Growers,*
  904 F.2d 1301 (9th Cir. 1990)....................................................................17, 18

*Skelton v. General Motors Corp.,*
  860 F.2d 250 (7th Cir. 1988).............................................................................21

*Smith v. Krispy Kreme Doughnut Corp.,*
  2007 U.S. Dist. LEXIS 2392 (M.D.N.C. Jan. 10, 2007).....................................25

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

-v-

*Smith v. Tower Loan of Miss., Inc.,,*
  216 F.R.D. 338 (S.D. Miss. 2003) ...............................................25

*Staton v. Boeing Co.,*
  327 F.3d 938 (9th Cir. 2003) ..............................................7, 16

*Torres v. ABC Security,*
  Case No. RG04158744 (Alameda Cty. Sup. Ct., 2006) ......................20

*Torrisi v. Tucson Electric Power Company,*
  8 F.3d 1370 (9th Cir. 1993) ...................................................16

*Vasquez v. Coast Valley Roofing, Inc.,*
  266 F.R.D. 482 (E.D. Cal. 2010) .............................................17

*Vizcaino v. Microsoft Corp.,*
  290 F.3d 1043 (9th Cir. 2002) .............................................18, 24

*Wershba v. Apple Computer, Inc.,*
  91 Cal. App. 4th 244 (2001) ..................................................24

*West v. Circle K Stores, Inc.,*
  2006 U.S. Dist. LEXIS 76558 (E.D. Cal. Oct. 19, 2006) ............24, 25, 26

*Williams v. MGM-Pathe Comm.Co.,*
  129 F.3d 1026 (9th Cir. 1997) ................................................22

**Statutes**
28 U.S.C. § 1715 ..................................................................14

Fed. R. Civ. P. 23 ..........................................................7, 12, 13

**Secondary  Authorities**
1 Alba Conte, *Attorney Fee Awards* (3d ed. 2004),
  § 1.09 ..........................................................................21

1 Alba Conte, *Attorney Fee Awards* (3d ed. 2006),
  § 2:08 ..........................................................................25

*Cal. Practice Guide: Federal Civil Procedure Before Trial* (The Rutter Group)
  § 10:849 (rev. #1 2008) ..........................................................8

Manual for Complex Litigation (4th ed. 2004),
  §21.632 .........................................................................13

5 *Moore's Federal Practice* (Matthew Bender 3d ed. 2002),
  § 23.85(2)(a) ....................................................................16

*Newberg on Class Actions* (4th ed. 2007),
  § 14.6 ..........................................................................23

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION AND SUMMARY OF ARGUMENT

On or about March 15, 2013, Plaintiffs and Defendant Fitness International, LLC (which does business as L.A. Fitness) ("Defendant" and/or "Fitness International") executed a Settlement Agreement[1] which encompasses all claims asserted by the Representative Plaintiffs on behalf of themselves and 1) a nationwide class of personal trainers ("Settlement Collective") and 2) a California class of gym-level employees in various positions ("Settlement Class").[2]

As outlined in Plaintiffs' preliminary approval papers, the claims of most gym-level employees in California (the <u>Settlement Class</u>) were settled, in large part, in another suit, *Baker et al. v. L.A. Fitness International, LLC*, Case No. BC438654 ("*Baker*").[3] Accordingly, the Settlement Class in this case is comprised of the gym-level employees who began their employment <u>after</u> the release date in *Baker*, and did not participate in that settlement. The <u>Settlement Collective</u> is composed of personal trainers nationwide who did not file claim forms in the *Baker* settlement.

In settlement of these claims, Representative Plaintiffs have agreed to accept Defendant's payment of a maximum Gross Settlement Amount of $600,000, which includes the cost of administering the Settlement, enhancement payments to the Representative Plaintiffs, all taxes, and attorneys' fees and costs. To the extent that Class and Collective Members do not submit a valid and timely Claim Form for their Settlement Share, unclaimed funds (if any) shall remain the property of Defendant.[4]

---

[1]   A true and correct copy of the fully executed settlement agreement, entitled "Joint Stipulation of Class and Collective Action Settlement and Release" ("Settlement" and/or "Settlement Agreement) is attached to the Declaration of Molly A. DeSario, Esq. ("DeSario Decl."), filed concurrently herewith, and marked as Exhibit "A." Unless otherwise noted, all exhibits cited herein are attached to the DeSario Decl.

[2]   *See infra* Section III – A for Class and Collective Definitions.

[3]   See *ECF No. 18-1*, Declaration of Hannah R. Salassi, Esq. in Support of Joint Motion for Preliminary Approval of Class Action Settlement ("Salassi Decl."), ¶ 7.

[4]   Exhibit "A," Settlement § III ¶ 67.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1   The Settlement reflects a very good result for the Class/Collective, satisfies all

2   the criteria for final settlement approval under Federal law, and falls well within the

3   range of what constitutes a reasonable compromise for claims of this nature and size.

4   The notice plan and claims process authorized by this Court in its June 21, 2013 Order

5   Adopting Motion for Preliminary Approval Recommendations ("Preliminary

6   Approval Order") has been successfully implemented.  Though still in its initial stage,

7   the positive response of the Class Members to the Settlement provides strong support

8   that final settlement approval is appropriate.[5] For these reasons, as set forth more fully

9   below, the Court should grant final approval to this Class Action Settlement. As a

10  separate consideration, the Court should also grant Plaintiffs' Counsel's request for

11  attorneys' fees and costs, given that the request is fair and reasonable.[6]

12

13  **II.      PROCEDURAL HISTORY AND SETTLEMENT
                NEGOTIATIONS**

14

15          This case was filed by Plaintiff Moore on June 22, 2012.[7] At around the same

16  time, Plaintiffs' counsel, Scott Cole & Associates, APC ("SCA" or "Class Counsel")

17  also began prosecuting two other cases against Defendant for claims similar to those

18  alleged on behalf of the California gym-level employees here: 1) *Commiato v. L.A.*

19

20

21          [5]     *See generally* Declaration of Krista Tittle, for Simpluris, Inc., Appointed
    Claims Administrator ("Tittle Decl."). Claims administrator (Simpluris, Inc.) will file
22  a supplemental declaration regarding the results of the Class and Collective notice
    process.  The declaration will include, *inter alia*, finalized data regarding the number
23  of objectors, requests for exclusion, claims submitted, re-mailed notice packets, the
    average paid claim and the highest paid claim. Tittle Decl. ¶ 19.
24          [6]     Fitness International joins the instant motion for settlement purposes
    only and should not be deemed to concede any of the matters argued herein for
25  purposes other than for settlement. Fitness International expressly reserves its
    rights with respect to the defense of this action should the Court decline to grant
26  final approval of the Settlement. In particular, Fitness International does not waive,
    but rather expressly reserves, all rights to challenge any and all claims and
27  allegations asserted in this Action upon all procedural and substantive grounds,
    including, without limitation, the ability to challenge collective and/or class action
28  treatment on any grounds and to assert any and all potential defenses or privileges.
          [7]     *ECF Dckt. No.* 1; DeSario Decl. ¶ 3.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  *Fitness International, LLC*, Case No. BC476852 ("*Commiato*"), filed January 13,

2  2012[8] and 2) *Antis v. L.A. Fitness International, LLC*, Case No. 37-2011-00096680

3  ("*Antis*"), filed August 22, 2011.[9] The class claims in *Commiato* were dismissed on

4  August 26, 2013 and those in *Antis* were dismissed August 12, 2013.

5  The *Baker* settlement received final approval on December 12, 2012,

6  subsuming the claims asserted in *Commiato* and *Antis* for the release period therein.[10]

7  However, Class Counsel thoroughly investigated the claims of this case with specific

8  and identifiable work separate and apart from *Antis* and *Commiato*. Plaintiffs' counsel

9  conducted an extensive telephone campaign prior to mediation and obtained discovery

10 from Defendant to adequately assess the value of the class claims.  Class Counsel also

11 requested and received information from Defendant related to meal and rest breaks at

12 its California clubs and information related to business expenses incurred by Personal

13 Trainers.[11] Thus, the parties are very familiar with the facts and legal issues involved

14 here and have been able to properly value the claims alleged.[12]

15 On September 10, 2012, the parties attended a full day mediation session with

16 David A. Rotman, a well-respected mediator with substantial class action expertise.[13]

17 Prior to mediation, Plaintiffs submitted a thorough Brief summarizing the evidence,

18 the state of the applicable law, and a comprehensive, class-wide damages analysis.[14]

19 The mediation session proved fruitful and the parties reached an agreement in

20 principle.[15] Nonetheless, the final terms of settlement were only reached after months

21 of subsequent bilateral negotiations.[16]

22

23 ─────────────────

24 [8]  *Id.*
    [9]  *Id.*
25 [10]  *Id.* ¶ 4. The *Antis* and *Commiato* plaintiffs have reached individual
    settlements with Defendant with regard to their state court actions.
26 [11]  *Id.* ¶ 5.
    [12]  *Id.*
27 [13]  *Id.* ¶ 6.
    [14]  *Id.*
28 [15]  *Id.*
    [16]  *Id.*

III.     SUMMARY OF SETTLEMENT TERMS

A.     PROPOSED CLASSES

Through this Motion, Plaintiffs seek approval of the Settlement on behalf of the following two classes:

"Settlement Class:"[17]  All non-exempt, club level Fitness International employees in the State of California who began employment on or after December 1, 2011, from that date through the date of the Court's Order Granting Preliminary Approval of this settlement (collectively, with Ervin, the "Settlement Class").  The Settlement Class is not intended to include any members of the *Baker* settlement class, which consists of non-exempt, club level Fitness International employees in the State of California that began employment *before* December 1, 2011; and

"Settlement Collective under the FLSA:"[18]  All persons employed by Fitness International as Personal Trainers in the United States from June 22, 2009, through the date of the Court's Order Granting Preliminary Approval of this settlement, excluding those individuals who filed a valid claim form in the *Baker* settlement (collectively, with Moore, the "Settlement Collective") for the time period released therein, i.e. May 26, 2006 through July 16, 2012.

B.     CALCULATION OF THE SETTLEMENT SHARES

This is a claims-made Settlement with a Gross Settlement Value ("GSV") of up to $600,000.[19] The portion of the settlement payable to the members of the Settlement Class and Settlement Collective who submit timely and valid claims is the Net Settlement Value ("NSV"). [20] The NSV will be calculated by deducting from the GSV: 1) Enhancement Awards of up to $2,500 to Plaintiffs Moore and Ervin for their service to the class,[21] 2) Plaintiffs' attorneys' fees of up to 33.33%,[22] 3) reasonable

---

[17]  Exhibit "A," Settlement § III ¶ 16.
[18]  *Id.* § III ¶ 15.
[19]  *Id.* § II ¶ 12.
[20]  *Id.* § IX ¶ 48(e).
[21]  *Id.* § 8 ¶ 43.
[22]  *Id.* § 8 ¶ 42.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  litigation expenses, estimated at $10,698.99,[23] 4) settlement notice and administration

2  costs, $105,000.00, and 5) payment of $1,875.00 to the California Labor & Workforce

3  Development Agency pursuant to Cal. Lab. Code § 2699(i).[24]

4      The NSV will be allocated as follows:

### 1.    Settlement Class

6  30% of the NSV will be allocated to the Settlement Class, comprised of

7  California gym-level employees who began their employment on or after December 1,

8  2011. The funds will be allocated according to the formula fully set forth in the

9  settlement agreement. In simple terms, the pro rata shares will be calculated by taking

10  into account the differing pay rates applicable to the various job positions included in

11  the Settlement Class, the total number of pay cycles worked by the entire Settlement

12  Class and the individual number of pay cycles worked by those participating in the

13  settlement.[25] Notably, this is the same formula as the one used for the class in *Baker*,

14  who released the same claims for an earlier time period.[26]

### 2.    Settlement Collective

16  70% of the NSV will be allocated to the nationwide Settlement Collective for

17  their claims under the FLSA, including the allegation that Defendant's session rate

18  fails to compensate them for all hours worked. The pro rata shares will be calculated

19  by 1) dividing their allocated portion of the NSV by the total number of Pay Cycles

20  worked by all putative members of the Settlement Collective (the "Settlement

21  Collective Pay Cycle Payment") and then 2) multiplying, for each member of the

22  Settlement Collective who has returned a timely and complete Claim Form, the

23  number of Pay Cycles the individual spent as a member of the Settlement Collective

24  by the value of the Settlement Collective Pay Cycle Payment.[27]

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

---

[23]  *Id.*
[24]  *Id.* § IX ¶¶ 48(a)-(e).
[25]  *Id.* § V ¶ 33 and § X ¶ 62(a)-(e).
[26]  Exhibit "C," Notice of Motion and Motion for Final Approval of Class
Action Settlement; Memorandum of Points and Authorities in *Baker* at 5:18-6:5.
[27]  Exhibit "A," Settlement § X ¶ 62(a)-(b).

C.   **RELEASES**

1.   **Settlement Class**

The Settlement Class members (California gym-level employees) who submitted a timely Claim Form will release any and all claims alleged in, arising from, related to or predicated on any of the allegations contained in the operative complaint, and will receive his/her pro rata share of the settlement.[28]

The Settlement Class members who submitted a request for exclusion will not release any claims and will not receive any portion of the settlement.[29]

The Settlement Class members who did not submit a Claim Form or a request for exclusion will be deemed to have released all of the claims alleged in, arising from, related to or predicated on any of the allegations contained in the operative complaint, except those claims arising under the FLSA.[30]

Should final approval be granted, Plaintiffs' and Class Counsel will submit a proposed judgment which will dismiss the Action with prejudice against all Defendants.

2.   **Settlement Collective**

The Settlement Collective members (nationwide personal trainers) who submitted a timely Claim Form will release any and all claims under the FLSA, or any other federal or state statutory, regulatory, or common law, that were alleged in, arising from, related to or predicated on any of the allegations contained in the operative complaint. Those who did not submit timely Claim Forms will not release any claims and will not receive any portion of the settlement.[31]

3.   **Named Plaintiffs**

Representative Plaintiffs Quentin Moore and Leah Ervin will release any and all claims alleged in (or that could have been alleged in), arising from, related to or

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

---

[28]   *Id.* § XI ¶ 72 (a)-(f).
[29]   *Id.* § X ¶¶ 53.
[30]   *Id.* § XI ¶ 71.
[31]   *Id.* § III ¶ 20.

1   predicated on any of the allegations contained in the operative complaint, whether

2   arising under federal or state statutory, regulatory, or common law (including but not

3   limited to, the FLSA).[32] [33]

4

5   **IV.   LEGAL ARGUMENT**

6       **A.   <u>STANDARD FOR APPROVAL</u>**

7       Federal law strongly favors and encourages settlements, especially in class

8   actions. *See Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1229 (9th Cir. 1989), *cert.*

9   *denied*, 498 U.S. 890 (1990) ("it hardly seems necessary to point out that there is an

10  overriding public interest in settling and quieting litigation. This is particularly true in

11  class action suits") (internal quotation marks and citation omitted).  Moreover, when

12  reviewing a motion for approval of a class settlement, the Court should give due

13  regard to "what is otherwise a private consensual agreement negotiated between the

14  parties," and must therefore limit the inquiry "to the extent necessary to reach a

15  reasoned judgment that the agreement is not the product of fraud or overreaching by,

16  or collusion between, the negotiating parties, and that the settlement, taken as a whole,

17  is fair, reasonable and adequate to all concerned." *Officers for Justice v. Civil Service*

18  *Comm'n*, 688 F. 2d 615, 625 (9th Cir. 1982).

19      To approve a proposed settlement of a class action under Fed. R. Civ. P. 23(e),

20  the Court must find that the proposed settlement is "fair, adequate and reasonable,"

21  recognizing that "it is the settlement taken as a whole, rather than the individual

22  component parts, that must be examined for overall fairness." *Staton v. Boeing Co.*,

23  327 F.3d 938, 960 (9th Cir. 2003) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011,

24  1026 (9th Cir. 1998)). Although Rule 23 provides no precise formula for making this

25  determination, the Ninth Circuit has identified several factors to be considered.  These

26

27   [32]   *See Id.* § XI ¶ 73 for releases for the Representative Plaintiffs.
     [33]   The Representative Plaintiffs and Members of the Settlement Class
28  and Settlement Collective will also waive the protection of California Civil Code
     Section 1542.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

factors include: (1) the strength of the case; (2) the size of the claims and amount offered to settle them; (3) the risk, expense, complexity and likely duration of further litigation; (4) the stage of the proceedings, i.e., whether the plaintiffs and their counsel have conducted sufficient discovery to make an informed decision on settlement; (5) whether the class has been fairly and adequately represented during settlement negotiations by experienced counsel; and (6) the reaction of the class to the proposed settlement. *See id.* at 1026 (noting that the relative importance of each of these factors will depend on the circumstances of the case); *see also Schwarzer*, *et al.*, *Cal. Practice Guide: Federal Civil Procedure Before Trial* (The Rutter Group) § 10:849 (rev. #1 2008) (listing factors).  Here, all of the relevant factors weigh strongly in favor of final approval.

### B.  ALL PERTINENT FACTORS WEIGH IN FAVOR OF FINAL APPROVAL

#### 1.  Strength of the Case

Class Counsel has analyzed and evaluated the merits of Plaintiffs' claims against Defendant, Defendant's defenses, and the impact of the Settlement Agreement on Plaintiffs and the putative Class and Collective Members.  Specifically, while Class Counsel believes that Plaintiffs' claims are meritorious, other factors must be taken into account.

In particular, Class Counsel considered that: 1) some employees, such as personal trainers and sales representatives, work several hours off-the-clock each week, while others, such as class instructors, reported that they worked generally only about two hours a week and rarely worked off-the-clock; 2) around April of 2010, Fitness International modified its time-keeping procedures to allow Class Instructors to report all time worked separate and apart from teaching their group classes; and *inter alia*, 3) Defendant verified that a significant number of meal period premiums were paid and only unreported missed meal periods went uncompensated. Plaintiffs

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1  alleged that Fitness International did not reimburse Class Members for expenses
2  incurred by employees in the execution of their duties. In light of this allegation,
3  Defendant would likely argue that such a claim raises individualized issues, citing
4  variances in expenses such as mileage and the lack of documentation establishing
5  these expenses.

6  Class Counsel was well aware of the fact that Defendant was prepared to
7  aggressively pursue all available defenses to class certification and merits. Taking
8  these factors into account, Class Counsel has assessed the strength of this case and
9  believes that the settlement is fair and reasonable.[34]

10  **2.       Size of the Claims and Amount Offered to Settle Them**

11  Plaintiffs believe this recovery is substantial, especially as its adequacy must be
12  judged as "a yielding of absolutes and an abandoning of highest hopes . . . Naturally,
13  the agreement reached normally embodies a compromise; in exchange for the saving
14  of cost and elimination of risk, the parties each give up something they might have
15  won had they proceeded with litigation. . . ." *Officers for Justice*, 688 F.2d at 624
16  (citations omitted).    Accordingly, the Settlement is not to be judged against a
17  speculative measure of what might have been achieved. *See, e.g., Linney v. Cellular*
18  *Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998).  In addition, the Court should
19  consider that the Settlement provides for payment to the Class and Collective now,
20  rather than a speculative payment many years down the road. *See City of Detroit v.*
21  *Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974).

22  As of October 2, 2013, the Class and Collective Members have reacted
23  favorably to the offered settlement, with 650 Settlement Class Claim Forms and 1,380
24  Collective Class Claim Forms already submitted.[35]  Currently, no Class Members have

25

26  [34]      This is further illustrated by the fact that the Settlement Agreement in
the instant action uses the same formula as the one used for the class in *Baker*, who
27  released the same claims for an earlier time period. Exhibit "C," Notice of Motion
and Motion for Final Approval of Class Action Settlement; Memorandum of Points
28  and Authorities in *Baker* at 5:18-6:5.
[35]      Exhibit "B," Tittle Decl. ¶ 10.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1    objected and only two have requested exclusion.[36] Therefore, considering the present

2    value of Settlement and the reaction of the Class and Collective Members, the

3    Settlement obtained by Plaintiffs is fair, adequate, and reasonable.

4

5                    **3.        The Risk, Expense, Complexity and Likely Duration of
                               Further Litigation**

6            Under the Settlement, Class Members will receive settlement awards now,

7    rather than after years of litigation, with its attendant risk of non-recovery.  Further

8    litigation of this matter would not serve the interests of the Class and Collective

9    Members because it could require each Class and Collective Member to offer

10   individualized evidence, and perhaps more importantly, the delay, uncertainty and

11   litigation costs associated with such efforts would be significant, without any

12   assurance of recovery. *See In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*,

13   55 F.3d 768, 784 (3d Cir. 1995), *cert. denied*, 516 U.S. 824 (1995) ("[T]he law favors

14   settlement, particularly in class actions and other complex cases where substantial

15   judicial resources can be conserved by avoiding formal litigation").  Under the

16   Settlement Agreement, participating Class and Collective Members have a guaranteed

17   recovery.[37] The Settlement affords the Class prompt and substantial relief, while

18   avoiding significant legal and factual hurdles that otherwise may have prevented the

19   Class from obtaining any recovery at all. While Class Counsel believes that Plaintiffs'

20   claims are meritorious, they are experienced and understand that the outcome of class

21   certification, trial and any attendant appeals are inherently uncertain.

22                    **4.        Class Representation**

23           Class Members have been represented by counsel experienced in the areas of

24   law at issue here. As set forth more fully in SCA's Professional Resume, Class

25

26

27

28      [36]  *Id.* ¶¶ 15-16.
        [37]  Exhibit "A," Settlement § III ¶ 20.

Counsel has significant experience in both the substance of wage and hour claims and the procedures for class and collective actions.[38]

Class Counsel wholly supports approval of this Settlement and respectfully submits that their support should be accorded significant consideration. "'Great weight' is accorded to the recommendation of counsel, who are most closely acquainted with the facts of the underlying litigation. This is because 'parties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each parties' expected outcome in the litigation' [and] [t]hus, 'the trial judge, absent fraud, collusion, or the like, should be hesitant to substitute its own judgment for that of counsel.'" *Nat'l Rural Telcomms Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528 (C.D. Cal. 2004) (citations omitted). Finally, as explained in the context of the Motion for Preliminary Approval, the proposed settlement was the product of arm's-length bargaining conducted with an experienced mediator.

### 5.     The Reaction of the Class to the Proposed Settlement

The Ninth Circuit and other federal courts have made clear that the number or percentage of Class Members who object to or opt out of the settlement is a factor of great significance. *See Mandujano v. Basic Vegetable Prods., Inc.*, 541 F.2d 832, 837 (9th Cir. 1976); *see also In re Am. Bank Note Holographics, Inc.*, 127 F.Supp. 2d 418, 425 (S.D.N.Y. 2001) ("[i]t is well settled that the reaction of the class to the settlement is perhaps the most significant factor to be weighed in considering its adequacy") (internal quotation marks and citation omitted).  "The reaction of class members to the proposed settlement, or perhaps more accurately the absence of a negative reaction, strongly supports settlement." *Chun-Hoon v. McKee Foods Corp.,* 716 F. Supp. 2d 848, 852 (N.D. Cal. 2010) (emphasis added).

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

---

[38]   Exhibit "D," SCA's Professional Resume.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1     In this case, as of October 2nd, 2013, no Class Members have objected to the

2 Settlement, and only two Class Members have requested exclusion.[39] This positive

3 response by the Class strongly indicates final approval of the Settlement is warranted.

4 Indeed, that no Class Member has objected to the settlement is a "persuasive" showing

5 that the settlement is adequate. *See Boyd v. Bechtel Corp.*, 485 F.Supp. 610, 624

6 (N.D. Cal. 1979) (objections from 16% of the class constituted a "persuasive"

7 showing that settlement was adequate). *Rodriguez v. West Publishing Corp.,* 563 F.3d

8 948, 967 (9th Cir. 2009) ("The court had discretion to find a favorable reaction to the

9 settlement among class members given that, of 376,301 putative class members to

10 whom notice of the settlement had been sent, 52,000 submitted claims forms and only

11 fifty-four submitted objections."); *Churchill Village, L.L.C. v. General Electric*, 361

12 F.3d 566, 577 (9th Cir. 2004) (noting favorably "that only 45 of the approximately

13 90,000 notified class members objected to the settlement.") Based on all of the factors

14 listed above, including the overwhelmingly positive response of the Class Members,

15 this Settlement merits final approval.

16

17     **V.        THE PARTIES FULLY IMPLEMENTED THE COURT-**
                **ORDERED NOTICE PROGRAM AND THE CLAIMS**
18                **ADMINISTRATOR'S PAYMENT SHOULD BE APPROVED**

19     Applicable statutory and case law vests the Court with broad discretion in

20 fashioning an appropriate notice program. *See* Fed. R. Civ. P. 23(e)(1). "The class

21 notice must be (1) reasonably calculated to apprise interested parties of the pendency

22 of the action and afford them an opportunity to present their objections and (2) must

23 satisfy the content requirements of Rule 23(c)(2)(B)." *Mullane v. Central Hanover*

24 *Bank    &    Trust    Co.*,    339    U.S.    306,    314    (1950).

25 In connection with its Preliminary Approval Order, this Court approved the notice

26 program and form of notice; both have now been fully implemented.

27

28
--------------------------------------------------------
[39] Exhibit "B," Tittle Decl. ¶¶ 15-16.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

1   Defendant provided addresses for all Class Members to the Settlement

2   Administrator who, in turn, sent copies of the notice to each address provided by

3   Defendant via first class mail. Two Thousand two hundred fifty eight class notices

4   were re-mailed to either a newfound address, to forwarding addresses provided by the

5   United States Postal Service, or at the request of the Class Member. Six hundred eight

6   class notices have been undelivered.[40]

7       For the complete notice and administration project, including the future

8   processing of claim forms, the Settlement Administrator is requesting payment of

9   $105,000, which includes all work to conclude its duties and responsibilities pursuant

10  to the Settlement: 1) calculate the Settlement Payments; 2) issue and mail the

11  Settlement Payment checks; 3) report tax information; and 4) answer Class Member

12  questions, etc.  This amount is reasonable given the thoroughness of the services

13  provided and results obtained.[41]

14

15  **VI.       FINAL CLASS CERTIFICATION IS APPROPRIATE**

16      In connection with final approval, the Court should affirm its preliminary

17  finding that the proposed settlement class is a proper class for settlement purposes. *See*

18  Manual for Complex Litigation, (4th ed. 2004) §21.632; *Amchem Prods. v. Windsor*,

19  521 U.S. 591, 620 (1997).  The Court can certify a settlement class where the Court

20  has determined that the proposed class and proposed class representatives meet the

21  four prerequisites in Rule 23(a) – numerosity, commonality, typicality, and adequacy

22  of representation – and one of the three requirements of Rule 23(b).  *See also Hanlon*,

23  150 F.3d at 1019. Certification of a class action for monetary relief requires a showing

24  that "questions of law or fact common to class members predominate over any

25  questions affecting only individual members, and that a class action is superior to

26  other available methods for fairly and efficiently adjudicating the controversy."  Fed.

27  ────────────────

28  [40]   *Id.*
    [41]   *Id.* ¶ 18.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

R. Civ. P. 23(b)(3). In certifying a settlement class, however, the Court is not required to determine whether the action, if tried, would present intractable management problems, "for the proposal is that there be no trial." *Amchem*, 521 U.S. at 620; *see also* Fed. R. Civ. P. 23(b)(3)(D).

In the Preliminary Approval Order, this Court concluded that the requirements to a settlement class certification under Rule 23 have been met. The parties' disagreement as to the propriety of a contested litigation class in this case does not preclude certification of the Settlement Class as "there [will] be no trial." *Amchem*, 521 U.S. at 620. Consequently, the Court should finally certify the proposed Settlement Class.

## VII.    DEFENDANT PROVIDED NOTICE PURSUANT TO 28 U.S.C. § 1715

The Class Action Fairness Act, 28 U.S.C. § 1715, requires that defendants send notices providing information regarding a class action settlement to "appropriate Federal and State Officials." Though this case does not arise under the Class Action Fairness Act, Defendant sent notices to the appropriate officials, the United States Attorney General and the Attorney Generals of the states where Settlement Class and Collective members reside, on October 7, 2013.[42]

## VIII.   THE REQUESTED ATTORNEYS' FEES AND COSTS ARE FAIR

The Settlement provides that Class Counsel could be awarded up to $200,000 to compensate it for attorneys' fees, an amount reasonable under both the "common fund" and "lodestar" methods for determining fees.[43] The Settlement further provides

---

[42]    DeSario Decl. ¶ 7.
[43]    *See, e.g., Schiller v. David's Bridal, Inc.*, 2012 U.S. Dist. LEXIS 80776, *52-56 (E.D. Cal. June 11, 2012) (awarding 33.3% in fees, citing list of cases with 1/3 as normal percentage in wage and hour class actions); *Buccellato v. AT&T Operations, Inc.*, 2011 U.S. Dist. LEXIS 85699, *2 (N.D. Cal. June 30, 2011) (awarding $3,125,000 in fees under the common fund method, citing numerous cases where 1/3 was awarded). Class Counsel has incurred $216,877.50 in attorneys' fees as of September 30, 2013. See Exhibit "E," SCA's Lodestar Report.

Class Counsel be awarded actual litigation costs incurred for work performed for the benefit of the Class and Collective.[44]

As set forth below, Plaintiffs' request is fully supported by the factors that courts consider in determining the reasonableness of attorneys' fee awards in class action cases.  Moreover, public policy promotes approval of reasonable fee requests since "[t]he function of an award of attorney's fees is to encourage the bringing of meritorious ... claims which might otherwise be abandoned because of the financial imperatives surrounding the hiring of competent counsel." *City of Riverside v. Rivera*, 477 U.S. 561, 578 (1986) (internal quotation marks and citations omitted). For these reasons, Class Counsel respectfully requests that its fee request be granted.

## A.   THE TRIAL COURT HAS WIDE DISCRETION OVER THE AMOUNT OF THE FEE AWARD

Appellate courts have long recognized that trial courts are ideally situated to assess the quality and effect of class counsel's efforts, and have thus conferred considerable equitable discretion upon trial courts to determine an appropriate fee award: "The experienced trial judge is the best judge of the value of professional services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong." *Ackerman v. Western Electric Co.*, 643 F.Supp. 836, 867 (N.D. Cal. 1986) (*citing Harrison v. Bloomfield Bldg. Industries, Inc.*, 435 F.2d 1192, 1196 (2d Cir. 1970)). District courts have "wide discretion" in determining the appropriateness of a fee award. 5 *Moore's Federal Practice* § 23.85(2)(a) (Matthew Bender 3d ed.). Accordingly, the attorneys' fees awarded by trial courts are reviewed only for abuse of discretion. *See Torrisi v. Tucson Electric Power Company,* 8 F.3d 1370, 1376 (9th Cir. 1993).

---

[44]    Class Counsel has incurred $10,698.99 in costs as of September 30, 2013.  See Exhibit "F," SCA's Cost Journal.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

**B.    THE FEE REQUEST IS SUPPORTED BY THE FACTORS COURTS CONSIDER WHEN APPROVING REQUESTS FOR ATTORNEYS' FEE AWARDS**

Courts recognize two methods for calculating attorneys' fee awards in connection with common fund class action settlements.  The more prevalent "common fund" method calculates attorneys' fees based on a percentage of the common benefit bestowed upon the class.[45] The "lodestar-plus-multiplier" method uses class counsel's "lodestar" – determined by multiplying the hours counsel expended by their hourly rates – enhanced by a multiplier. As explained below, Plaintiffs' request for 33.33% of the common fund ($200,000, which represents a multiplier of approximately 0.922 to Class Counsel's lodestar)[46] meets the reasonableness factors for an attorney fee award under either method.

It is well settled in the Ninth Circuit that "[i]n a common fund case, the district court has discretion to apply either the loadstar method or the percentage-of-the-fund method in calculating a fee award." *See In re Heritage Bond Litig.,* 2005 U.S. Dist. LEXIS 13555 *58 (C.D. Cal. June 10, 2005) (*citing Fischel v. Equitable Life Assurance Soc'y of the U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002)). "The benchmark percentage should be adjusted, or replaced by a lodestar calculation, when special circumstances indicate that the percentage recovery would be either too small or too large in light of the hours devoted to the case or other relevant factors." *Glass v. UBS Fin. Servs.,* 2007 U.S. Dist. LEXIS 8476, *45-46 (N.D. Cal. Jan. 26, 2007) (*citing Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990)).  However, "mechanical or formulaic application of either method, where it yields an unreasonable result, can be an abuse of discretion." *Fischel*, 307 F.3d at

---

[45]    Under the "common fund" doctrine, "a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Staton*, 327 F.3d at 967 (*citing Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980)). Thus, "the common fund doctrine ensures that each member of the winning party contributes proportionately to the payment of attorneys' fees." *Staton*, 327 F.3d at 967.

[46]    Exhibit "E," SCA's Lodestar.

1007.  Thus, although the benchmark is considered 25% in common fund class actions, "that rate may be unreasonable in some cases." *Fischel*, 307 F.3d at 1007 (citations omitted).  Indeed, courts routinely award attorney's fees of 33.33%, and sometimes even more, in complex class actions.[47]

Courts in the Ninth Circuit have articulated several factors which may be relevant to the district court's evaluation of the reasonableness of a fee request.  These include (1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden carried by the plaintiffs; and (5) awards made in similar cases. *McPhail v. First Command Fin. Planning, Inc.,* 2009 U.S. Dist. LEXIS 26544, *21 (S.D. Cal. Mar. 30, 2009) (*citing In re Omnivision Technologies, Inc.*, 559 F.Supp. 2d 1036, 1046 (N.D. Cal. 2007).  One factor that should <u>not</u> be considered is the ultimate class member settlement shares claimed.  "[T]he Supreme Court has stated that attorneys' fees sought under a common fund theory should be assessed against every class members' share, not just the claiming members." *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990) (citing *Boeing Co. v. Van Gemert*, 444 U.S. 472, 480, 62 L. Ed. 2d 676, 100 S. Ct. 745 (1980)).  The factors to be considered are similar to those used in evaluating the *adequacy* of a settlement and are helpful to show why the percentage awarded and the ultimate award are appropriate based on the facts of the case. *See In re Omnivision*, 559 F.Supp.2d at 1048.

---

[47]    *See In re Mego Financial Corp. Sec. Litig.*, 213 F.3d at 460 (awarding 1/3); *Schiller v. David's Bridal, Inc.*, 2012 U.S. Dist. LEXIS 80776, *52-56 (E.D. Cal. June 11, 2012) (awarding 33.3%); *Buccellato v. AT&T Operations, Inc.*, 2011 U.S. Dist. LEXIS 85699, *2 (N.D. Cal. June 30, 2011) (citing numerous cases where 1/3 awarded); *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491-92 (E.D. Cal. 2010) (awarding 33.3%, noting five recent wage and hour class actions approving awards of 30 to 33%); *In re Heritage Bond Litig.*, 2005 U.S. Dist. LEXIS 13555 (awarding 33%). In fact, the Honorable Marilyn Hall Patel of the Northern District of California found, after a comprehensive review of fee awards, that the "better practice" would be to set the benchmark percentage at 30%. *In re Activision Sec. Litig.*, 723 F.Supp. 1373, 1377-78 (N.D. Cal. 1989)).

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

In this case, Class Counsel requests a percentage of the common fund, but also expresses its attorneys' fees request in terms of a lodestar multiplier for clarity. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050 (9th Cir. 2002) (explaining a "lodestar cross-check" that "measures the lawyers' investment of time in the litigation, provides a check on the reasonableness of the percentage award"). SCA believes that Class Counsel's request for 33.33% of the common fund (which represents SCA's actual lodestar and a small multiplier of approximately 0.922)[48] is entirely reasonable given the excellent result obtained, the experience and skill required of Class Counsel to achieve this result, the anticipated high participation of Class Members in the claims process and the ***complete absence of objections***.[49]

### 1.     The Results Achieved Support the Fee Request

The overall result and benefit to the class from the litigation is the most critical factor in granting a fee award. *In re Omnivision*, 559 F.Supp. 2d at 1046.  In this case, the negotiated Settlement will provide each Class/Collective Member with compensation of an average of $21.75, and the highest total payout at $83.75.[50]

Having done everything reasonably possible to ensure that the Class and Collective Members not only received the notice but also stepped forward to claim their share of the Settlement – and, in light of the strong response thereto – SCA believes that the amount requested for its fees and costs is fair.[51]

---

[48]     SCA requests an attorneys' fee award in the amount of $285,000 (30% of the Settlement Amount), which is the maximum contemplated under the Settlement. Exhibit "A," Settlement § VIII ¶ 40; Exhibit "E," Lodestar.

[49]     Exhibit "B" Tittle Decl. ¶ 16.

[50]     *Id.* ¶ 10.

[51]     *Schiller v. David's Bridal, Inc.*, 2012 U.S. Dist. LEXIS 80776, *35 (E.D. Cal. June 11, 2012) (approving 32.1% fee award with 24% claims rate, totaling 41% of the net settlement amount); *Barcia v. Contain-A-Way, Inc.*, 2009 U.S. Dist. LEXIS 17118, *12 (S.D. Cal. Mar. 6, 2009) (granting final approval and attorneys' fees where only 478 of 2,385 class members made claims – 20% claims rate – and noting that courts have approved final approval with even lower claims rates); *Laguna v. Coverall N. Am., Inc.*, 2012 U.S. Dist. LEXIS 23381, *9 n.3 (S.D. Cal. Feb. 23, 2012) (granting final approval and attorneys' fees where only 119 out of 750 class members submitted claim forms, for a response rate of 16% and overall recovery rate of about 58% ).

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

## 2. The Risk of Litigation Supports the Fee Request

Although the matter came to an early resolution, this is not a case where recovery of a substantial settlement and attorneys' fees was a foregone conclusion. *C.f.*, *In re Quantum Health Resources, Inc., Sec. Litig.*, 962 F.Supp. 1254 (C.D. Cal. 1997). As noted in detail above, Class Counsel evaluated the risks inherent in the litigation such as the potential denial of class certification and Defendant's possible defenses. Had this case proceeded to trial, unsettled legal issues related to liability and damages would have been hotly contested and likely appealed. The risk that further litigation might result in Plaintiffs and the Classes not recovering anything at all, particularly in a case involving complicated legal issues such as this one, is a *significant* factor in the award of fees. *In re Omnivision*, 559 F.Supp.2d at 1047 (emphasis added).

## 3. The Skill Required and the Quality of Work Support the Fee Request

The prosecution and management of a class action (especially one involving thousands of Class and Collective Members) requires specialized legal skills and expertise which should be considered in setting the fee award. *See In re Omnivision*, 559 F.Supp.2d at 1047. Since SCA was founded in 1992, its attorneys have devoted themselves primarily to prosecuting employment law matters and, since 2000, almost exclusively to class actions. In that time, the firm has litigated a large number of wage and hour class actions dealing with meal and rest break violations, and was one of the first California firms to devote itself so entirely to a wage and hour practice. SCA's attorneys regularly serve as guest speakers at wage and hour conferences and have written articles on wage and hour class action issues.[52] SCA served as co-counsel in connection with the largest meal and rest period-only settlement in the nation's history (*Cornn/Despres v. United Parcel Service, Inc. et al.*, Case No. 3:03-cv-02001 TEH

---

[52] DeSario Decl. ¶ 12, Exhibit "D," SCA's Professional Resume.

(N.D. Cal., 2007) ($87 million settlement)) and has successfully achieved class certification in many difficult scenarios. *See, e.g.*, *Kurihara v. Best Buy Co., Inc.*, Case No. C 06-01884 MHP (N.D. Cal., 2007) (obtaining certification for a class of over 52,000 current and former store employees); *Torres v. ABC Security*, Case No. RG04158744 (Alameda Cty. Sup. Ct., 2006) (obtaining certification of a class of over 1,600 security guards working at scores of different work sites). SCA's reputation and expertise contributed significantly to the speedy and favorable recovery here, in light of Defendant's believable commitment to defend this case through class certification and trial.

Class Counsel submits that their skill and ability were essential to the success of this litigation. Class Counsel developed an extensive factual record in an effort to obtain the evidence needed to convince Defendant of the risks of continued litigation, particularly given Defendant's confidence that the evidence supported initialized defenses, and therefore the instant action is not adequate for class certification.

Moreover, Class Counsel believe that their history of aggressive, successful prosecution of similar cases made credible its commitment to pursue this action through trial and beyond. Only counsel well versed in class action litigation and wage and hour law could have effectively marshaled, assembled and presented the evidence within the proper legal framework to produce this fair settlement. In sum, Class Counsel's proven record and reputation further supports the fee request in this case.

### 4. The Contingent Nature of the Fee and the Financial Burden Borne by Plaintiffs Supports the Fee Request

The Ninth Circuit has recognized that "[t]he rationale behind awarding a percentage of the fund to counsel in common fund cases is the same that justifies permitting contingency fee arrangements in general." *In re Quantum,* 962 F.Supp. at 1257 (*citing Skelton v. General Motors Corp.*, 860 F.2d 250, 252 (7th Cir. 1988)). The underlying premise is the existence of contingent risk of non-payment. "Because payment is contingent upon receiving a favorable result for the class, an attorney

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

should be compensated both for services rendered and for the risk of loss or nonpayment assumed by accepting and prosecuting the case." *In re Quantum*, 962 F.Supp. at 1257; *see also* 1 Alba Conte, *Attorney Fee Awards* (3d ed. 2004) § 1.09.

From the outset, the prosecution of this case has involved significant financial risks for Class Counsel. SCA undertook this matter solely on a contingent basis, with no guarantee of recovery of fees or even reimbursement of costs, and no guarantee as to the potential duration of this litigation.[53] While Class Counsel believes that the claims in this case are meritorious, it recognizes the factual and legal challenges involved in complex litigation of this type. This case has involved multiple factual and legal hurdles, making Class Counsel's success all the more contingent.

The importance of assuring adequate representation for plaintiffs who could not otherwise afford competent attorneys justifies providing those attorneys who do accept matters on a contingent-fee basis a larger fee than if they were billing by the hour. *In re Omnivision*, 559 F.Supp.2d at 1047. A substantial outlay of employee hours, when there is a risk that none of it will be recovered, further supports the award of the requested fees. *See id.* While attorneys who regularly represent corporations are routinely paid on an hourly basis, plaintiffs in wage and hour cases can rarely afford representation on an hourly basis, at least not representation by a firm that is well known for achieving good results. It is for that reason that SCA accepted this action on a wholly contingent basis.[54] In doing so, there was, and is, no guarantee of recovery of fees, or even the reimbursement of litigation costs. Similarly, there was no guarantee as to the potential duration of the litigation. In addition, Class Counsel's commitment to this litigation should not be assessed in a vacuum. The time Class Counsel spent on litigation and the settlement process in this case prevented it from pursuing other work at the same hourly rates reflected in the lodestar it submitted

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

---

[53] DeSario Decl. ¶ 14.
[54] *Id.*

Notice of Motion and Joint Motion for Final Approval of Class Settlement; Memorandum of Points & Authorities

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

here. Indeed, SCA devoted over 590 hours to litigating this action against Defendant.[55] These 590 billable hours do not include any administration work, work SCA has completed on related cases *Commiato* and *Antis*, or work completed on the Baker settlement.[56] As such, additional work was available that Class Counsel was forced to forego to devote the time necessary to pursue this case. For these reasons, the contingent nature and financial burden of this case weigh in favor of approval of Class Counsel's fee request.

### 5. Awards Made in Similar Cases Support the Fee Request

The attorneys' fee award sought by Class Counsel is soundly within the range approved by other district courts in similar cases within the Ninth Circuit. *See, e.g., Williams v. MGM-Pathe Comm. Co.*, 129 F.3d 1026, 1027 (9th Cir. 1997); *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000). In fact, fee awards in many common fund cases exceed the 25% benchmark (*see Knight v. Red Door Salons, Inc.,* 2009 U.S. Dist. LEXIS 11149, *13 (N.D. Cal. Feb. 2, 2009)), Class Counsel's request for 30% of the common fund is entirely reasonable. *See Romero v. Producers Dairy Foods, Inc.,* 2007 U.S. Dist. LEXIS 86270, *10 (E.D. Cal. Nov. 13, 2007) (approving 33% attorney fee award and noting "fee awards in class actions average around one-third of the recovery") (*quoting Newberg on Class Actions* § 14.6 (4th ed. 2007)); *Morris v. Lifescan, Inc.*, 54 Fed. Appx. 663, 664 (9th Cir. Cal. 2003) (approving 33% fee award where "[t]he district court noted that class counsel achieved exceptional results in this risky and complicated class action and despite [defendant's] vigorous opposition throughout the litigation"); *In re Activision Sec. Litig.*, 723 F.Supp. at 1378 (upholding a 30% percent fee); *Lubliner v. Maxtor Corp.,* 1990 U.S. Dist. LEXIS 3930, *10 (N.D. Cal. Feb. 14, 1990) (upholding a 30% percent fee); *Linney,* 1997 U.S. Dist. LEXIS 24300 at *20 ("Courts in this district have consistently approved

---

[55] *Id.* ¶ 15; Exhibit "E," SCA's Lodestar.
[56] DeSario Decl.¶ 15.

1   attorneys' fees which amount to approximately one-third of the relief procured for the

2   class.").

3

4   ### C.   THE FEE REQUEST ALSO COMPORTS WITH OTHER COURTS' AWARDS UNDER THE LODESTAR APPROACH

5

6   As an alternative to, and a means to evaluate, a common fund percentage fee

7   award, courts may also use a lodestar approach, enhanced by a multiplier. *See Hanlon*,

8   150 F.3d at 1029 ("In employment...actions, courts often use a lodestar calculation

9   because there is no way to gauge the net value of the settlement or any percentage

10   thereof."). The lodestar calculation begins with the multiplication of the number of

11   hours reasonably expended by a reasonable hourly rate. *See id.* Class Counsel has

12   provided this Court with a summary of its hourly rates (which are scaled in

13   accordance with the degree of specialization, expertise and reputation they bring to

14   this litigation) and hours billed in this matter, which reflect contemporaneous time

15   records kept by all SCA staff throughout the litigation. SCA has reported a total

16   lodestar of roughly $216,877.[57] Courts regularly approve the use of multipliers in

17   awarding attorneys' fees for class actions,[58] in this case SCA requests a fee which

18

19

20   [57]   DeSario Decl. ¶ 16; Exhibit "E," SCA's Lodestar. This is a diminishing lodestar calculation as it is based on the time Class Counsel has expended and the costs it has incurred thus far in the litigation. Additional attorney hours and costs will be necessary over the next few months to ensure the proper administration and implementation of the Settlement. These future hours and costs should also be taken into account in considering Class Counsel's request, yet they are not and cannot be reflected in the lodestar currently before the Court.

23   [58]   Multipliers up to four times the lodestar have been approved. *Arenson v. Bd. of Trade*, 372 F.Supp. 1349 (N.D. Ill. 1974) (4 times multiplier awarded.); *In re Cenco, Inc. Secs. Litig.*, 519 F.Supp. 322 (N.D. Ill. 1981) (4 times multiplier awarded); *In re Beverly Hills Fire Litig.*, 639 F.Supp. 915 (E.D. Ky. 1986) (5 times multiplier awarded); *Harman v. Lyphomed, Inc.*, 945 F.2d 969 (7th Cir. 1991) (citing *In re Cenco, Inc. Sec. Litig.*, 519 F.Supp. at 325 (4 times multiplier awarded)); s*ee also Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050-51 (9th Cir. 2002) (affirming district court's conclusion that fee award of 28% of fund and 3.65 times lodestar amount was reasonable). California courts also routinely award multipliers on class counsel's lodestar. *See, e.g., Wershba v. Apple Computer, Inc.*, 91 Cal. App.4th 244, 255 (2001) ("Multipliers can range from 2 to 4 or even higher"); *Otero v. Rent-A-*

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

includes a lodestar multiplier of only 1.006. *Cf. West v. Circle K Stores, Inc.*, 2006 U.S. Dist. LEXIS 76558, *25 (E.D. Cal. Oct. 19, 2006) (common fund percentage calculation need not be a perfect approximation of the lodestar calculation) (*citing Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989)). Furthermore, just because the parties were able to reach settlement prior to class certification does not mean "that class counsel should necessarily receive a lesser fee for settling a case quickly." *See Glass,* 2007 U.S. Dist. LEXIS 8476 at *49 ("it is widely recognized that the lodestar method creates incentives for counsel to expend more hours than may be necessary on litigating a case so as to recover a reasonable fee, since the lodestar method does not reward early settlement") (*citing Vizcaino*, 290 F.3d at 1050 n.5). Accordingly, Class Counsel's requested fee is consistent with a fee which would be awarded under the lodestar approach, and merits final approval.

## D.   CLASS COUNSEL'S COSTS ARE REASONABLE AND WERE INCURRED TO BENEFIT THE CLASS

In the course of this litigation, Class Counsel incurred substantial costs in the form of legal and factual research, photocopies, fax, travel, postage and telephone charges, with SCA incurring over $10,698.00 (as of September 30, 2103), and will incur additional expenses through the completion of the distribution process including, but not limited to, photocopies, fax, postage and telephone charges.[59] The kinds of litigation costs incurred by SCA are appropriate for reimbursement in class action cases. *In re United Energy Corp. Sec. Litig.*, 1989 U.S. Dist. LEXIS 19146, *16 (C.D. Cal. Mar. 9, 1989); *Smith v. Krispy Kreme Doughnut Corp.,* 2007 U.S. Dist. LEXIS 2392, *10 (M.D.N.C. Jan. 10, 2007) ("An attorney who creates or preserves a common fund by judgment or settlement for the benefit of a class is entitled to receive

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

*Center, Inc.*, (L.A. Super. Ct. 2000) No. BC217038 (awarding 2.43 multiplier in wage and hour case).

[59] DeSario Decl. ¶ 17; Exhibit "F," Cost Journal.

reimbursement of reasonable fees and expenses involved."); 1 Alba Conte, *Attorney Fee Awards* § 2.08 at 50-51 ("The prevailing view is that expenses are awarded in addition to the fee percentage."); *In re Warner*, 618 F.Supp. 735; *In re GNC Shareholder Litig.,* 668 F.Supp. 450, 452 (W.D. Pa. 1987).  The costs incurred by Class Counsel in this litigation have been reasonable and appropriate because they were necessary to protect and benefit the class, and are properly considered when evaluating Class Counsel's request.

### E.   THE REPRESENTATIVE PLAINTIFFS ARE ENTITLED TO AN ENHANCEMENT AWARD

The Settlement proposed a $2,500 Enhancement Award for each of the Representative Plaintiffs, subject to this Court's approval. For public policy reasons, "a class representative is entitled to some compensation for the expense he or she incurred on behalf of the class lest individuals find insufficient inducement to lend their names and services to the class action." *West*, 2006 U.S. Dist. LEXIS 76558 at *26 (internal citations omitted). Compensation of class representatives "must be reasonable in light of applicable circumstances, and not 'unfair' to other class members." *See id.* at *27 (*citing Smith v. Tower Loan of Miss., Inc.*, 216 F.R.D. 338, 368 (S.D. Miss. 2003)). Here, Plaintiffs' requested Enhancement Award is reasonable given the work they performed on behalf of the class, the compromising of their privacy resulting from their participation in the litigation and the minimal effect their requests will have on the amount of each Class and Collective Member's recovery.

Plaintiffs contributed significantly to the resolution of this case. Among other efforts, Plaintiffs produced documents, provided detailed background information to Class Counsel about the organizational structure of the company and the job duties performed by the Class and Collective Members, reviewed documents produced by Defendant and maintained regular contact with Class Counsel throughout this

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800

litigation and settlement process.[60] *See*, *e.g.*, *Glass,* 2007 U.S. Dist. LEXIS 8476, *52 (approving $25,000 enhancement awards to four named plaintiffs who "provided a great deal of informal discovery to Class Counsel,"... "a great deal of insight into the policies and practices of UBS [and]... additional relevant detail at the final fairness hearing.") (internal citations omitted); *Barcia v. Contain-A-Way, Inc.,* 2009 U.S. Dist. LEXIS 17118, *19 (S.D. Cal. Mar. 6, 2009) (approving $25,000 incentive payment); *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) (approving $25,000 incentive payment). Class Counsel believes that this case would not have settled on the same terms, or in such a timely manner, without Plaintiffs' participation and significant efforts.

Finally, the proposed Enhancement Awards of $2,500 each is a small fraction of the total recovery, and is not unfair to other Class and Collective Members because it will not significantly reduce the amount of settlement funds available to the rest of the class. *See West*, 2006 U.S. Dist. LEXIS 76558 at *26. Furthermore, none of the Class Members have objected to the amount of additional compensation sought by the named plaintiffs although the class notice specified the amount which would be requested on their behalf. *See id.* For all these reasons, the Court should approve Class Counsel's request for Plaintiffs' enhancement awards.

## IX.      CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court grant final approval of the class action Settlement Agreement, award attorneys' fees and costs to Class Counsel, award reimbursement of claims administration expenses, approve the enhancement award to the Representative Plaintiffs, and enter Judgment of Dismissal with Prejudice.

---

[60]      *See generally* Exhibit "G," Declaration of Quentin Moore; and *see generally* Exhibit "H," Declaration of Leah Ervin.

Dated: October 8, 2013

SCOTT COLE & ASSOCIATES, APC

By:   /s/ Molly A. DeSario
Molly A. DeSario, Esq.
Attorneys for the Representative Plaintiff
and the Plaintiff Class

O'MELVENY & MYERS LLP

By:   /s/ Adam J. Karr
Adam J. Karr, Esq.
Attorneys for Defendant
Fitness International, LLC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
THE TOWER BUILDING
1970 BROADWAY, NINTH FLOOR
OAKLAND, CA 94612
TEL: (510) 891-9800