# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUENTIN MOORE and LEAH ERVIN, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>FITNESS INTERNATIONAL, LLC,<br><br>Defendant. | Case No. 3:12-CV-1551-LAB-NLS<br><br>**COLLECTIVE ACTION**<br><br>**ORDER GRANTING JOINT MOTION FOR FINAL APPROVAL OF CLASS/COLLECTIVE ACTION SETTLEMENT**<br><br>**Judge:** The Honorable Larry Alan Burns |

This matter came before the Court on November 12, 2013 at 12:00 p.m., with Scott Cole & Associates, APC, appearing as counsel for representative plaintiffs Quentin Moore and Leah Ervin ("Plaintiffs"), individually and on behalf of a putative class, and O'Melveny & Myers LLP appearing as counsel for defendant Fitness International, LLC ("Defendant" and/or "Fitness International"). The Court, having carefully considered the briefs, arguments of counsel and all matters presented to the Court and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1. This Order incorporates by reference the definitions of the parties' Joint Stipulation of Class and Collective Action Settlement and Release

("Settlement Agreement") as though fully set forth herein, and all terms used herein shall have the same meaning as set forth in the Settlement Agreement.

2. This Court has jurisdiction over the claims of the members of the Class and Collective Class asserted in this proceeding, personal jurisdiction over Plaintiffs, Defendant, and the members of the Class and Collective as defined in the Settlement Agreement, and subject matter jurisdiction to approve the Settlement.

3. In accordance with the Settlement and this Court's Order Adopting Report and Recommendation regarding Preliminary Approval of Class and Collective Action Settlement ("Preliminary Approval Order") (*ECF No.* 28), distribution of the Class Notice, Collective Class Notice, Claim Form, Collective Claim Form and Request for Exclusion directed to the Class and Collective Members has been completed, including the individual notice to all Class and Collective Members who could be identified through reasonable effort. It is hereby determined that the notice to Class and Collective Members, as disseminated to Class and Collective Members in accordance with the provisions of the Preliminary Approval Order, was the best notice practicable under the circumstances to all Class and Collective Members. Due and adequate notice of the pendency of this Lawsuit and of this Settlement has been provided to Class and Collective Members, and this Court hereby finds that the notice program described in the Preliminary Approval Order (*ECF No.* 28) and completed by the Claims Administrator complied fully with the requirements of due process, the Federal Rules of Civil Procedure, and all other applicable laws.

4. The Court finds that Plaintiffs have satisfied the standards and applicable requirements for final approval of this class action settlement under Rule 23 of the Federal Rules of Civil Procedure. The Court finds that the Settlement has been reached as a result of non-collusive arm's-length negotiations after sufficient discovery, investigation and research. The Court also finds that

settlement at this time will avoid additional substantial costs, as well as the delay and risks that would be presented by the further prosecution of the litigation. The Court has reviewed the benefits that are being granted as part of the Settlement and recognizes their significant value to Class Members. The Parties to the Settlement Agreement are hereby directed to effectuate the Settlement according to its terms.

5. This Court previously conditionally certified the Class and Collective for settlement purposes. The Court hereby grants final certification approval, for settlement purposes, to the Class and Collective, consisting of:

> a. "Class:" All non-exempt, club level Fitness International employees in the State of California who began employment on or after December 1, 2011, from that date through the date of the Court's Order Granting Preliminary Approval of this Settlement (collectively, with Ervin, the "Settlement Class").
> b. "Collective:" All persons employed by Fitness International as Personal Trainers in the United States from June 22, 2009, through the date of the Court's Order Granting Preliminary Approval of this Settlement, excluding those individuals who filed valid claim forms in the Baker settlement (collectively, with Moore, the "Settlement Collective") for the time period released therein, i.e. May 26, 2006 through July 16, 2012.

6. All Participating Class and Collective Members, as defined in the Settlement, are bound by this Final Approval Order and Judgment and by the Settlement embodied therein, including the releases provided for in the Settlement Agreement and this Final Approval Order and Judgment. As of the Effective Date of Settlement, by operation of the entry of this Final Approval Order and Judgment, each Participating Class and Collective Member, including Plaintiffs, shall be deemed to have fully released, waived, relinquished and discharged, to the fullest extent permitted by law, all Released Claims that he or she may have against the Releasees.

7. <u>Release of Claims:</u> **Settlement Collective.** Settlement Collective hereby releases, discharges, and covenants not to sue Fitness International, and all

of its respective past and present employees, directors, officers, attorneys, representatives, insurers, agents, parents, subsidiaries, affiliates, related companies, predecessors, successors, lessees, and assigns, and any entity that could be jointly liable with any of these (individually and collectively "the Fitness International Releasees") from and with respect to all actions, causes of action, suits, liabilities, claims, and demands whatsoever, and each of them, whether known or unknown, from the beginning of time to the date this Court's Order Granting Preliminary Approval was entered, inclusive, which the Settlement Collective, or individual members thereof, has, had, or hereafter may claim to have, against Fitness International Releasees, or any of them, which, by way of description, but not by way of limitation, are based on, or in any way related to: (i) the claims alleged in the Action, (ii) any claim for unpaid wages, unpaid minimum wage, unpaid overtime wages, failure to timely pay wages, failure to pay wages owed under contract, or failure to compensate employees for all hours worked, (iii) any claim for missed meal periods or rest breaks, (iv) any claim for failure to reimburse business expenses, (v) any claim for failure to provide accurate wage statements, (vi) and any claims arising from the claims described in (i) through (v) above under federal or applicable state, local, or territorial law, including, but not limited to, the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the regulations thereunder ("the Settlement Collective Released Claims"). The Settling Parties intend the Settlement Collective's release to be general and comprehensive in nature and to release all claims and potential claims against the Fitness International Releasees which were brought in the Action, or arise from and/or relate to the claims brought in the Action, to the maximum extent permitted at law. The Released Claims include specifically, by way of further description, but not by way of limitation, any and all claims the Settlement Collective may have arising out of or in any way related to:

a. Any and all allegations set forth in the pleadings in the Action, whether in original or subsequently amended pleadings filed in the Action;
b. Any and all alleged claims for failure to pay wages, failure to pay minimum wage, failure to pay overtime compensation, failure to compensate employees for all hours worked, failure to provide reimbursement for business expenses, failure to provide meal periods, failure to provide rest breaks, unlawful wage deductions, failure to provide accurate and complete wage statements, failure to timely pay wages upon separation, and/or failure to timely pay wages during employment, whether arising under federal or state statutory, regulatory, or common law, including, but not limited to, the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the regulations thereunder, that occurred prior to the date of the Court's Order Granting Preliminary Approval of this Settlement; and that arose from or are related to the causes of action set forth in the pleadings in the Action.
c. Any and all fines, penalties, wages, premium wages, interest, restitution, liquidated damages, punitive damages, declaratory relief, and/or injunctive relief allegedly due and owing by virtue of the allegations set out in this Action and/or referenced in this Paragraph 7, whether based on federal or state statutory, regulatory, or common law, including, but not limited to, the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the regulations thereunder;
d. Any and all violations of federal and state unfair competition laws, including, but not limited to, California Business & Professions Code §§ 17200, et seq., that are predicated, in whole or in part, on any of the allegations contained in the operative complaint in this Action and/or referenced in this Paragraph 7; and/or
e. Claims for attorneys' fees, attorneys' costs/expenses, and/or any and all claims based on calculations, distributions or payments made in accordance with this Agreement.

8. <u>Release of Claims</u>: **Settlement Class**. Settlement Class hereby releases, discharges, and covenants not to sue the Fitness International Releasees from and with respect to all actions, causes of action, suits, liabilities, claims, and demands whatsoever, and each of them, whether known or unknown, from the beginning of time to the date this Court's Order Granting Preliminary Approval was entered, inclusive, which the Settlement Class, or individual members thereof, has, had, or hereafter may claim to have, against Fitness International Releasees, or any of them, which, by way of description, but not by way of limitation, are based

on, or in any way related to alleged violations of: California Labor Code sections 201, 202, 204, 221, 226, 226.7, 406, 510, 512, 1174, 1194, 1197, 1197.1, 1198, 2699, 2800, 2802, any Wage Order of the California Industrial Welfare Commission ("IWC"), California Business and Professions Code section 17200 et seq., and any claims arising from the claims described above under federal or applicable state, local, or territorial law ("the Settlement Class Released Claims"). The Settling Parties intend the Settlement Class' release to be general and comprehensive in nature and to release all claims and potential claims against the Fitness International Releasees which were brought in this Action, or arise from and/or relate to the claims brought in this Action, to the maximum extent permitted at law. The Released Claims include specifically, by way of further description, but not by way of limitation, any and all claims the Settlement Class may have arising out of or in any way related to:

- a. Any and all allegations set forth in the pleadings in this Action, whether in original or subsequently amended pleadings filed in this Action;
- b. Any and all alleged claims for failure to provide meal periods, failure to provide rest breaks, failure to pay wages, failure to pay minimum wage, failure to pay overtime compensation, failure to compensate employees for all hours worked, failure to provide reimbursement for business expenses, unlawful wage deductions, failure to provide accurate and complete wage statements, failure to timely pay wages upon separation, failure to timely pay wages during employment, that occurred prior to the date of the Court's order granting Preliminary Approval of this Settlement and that arose from or are related to the causes of action set forth in the pleadings in the Action;
- c. Any and all claims under California Labor Code § 2699 predicated, in whole or in part, on some or all of the allegations set out in this action and/or referenced in this Paragraph 8;
- d. Any and all violations of California Business & Professions Code §§ 17200, et seq. predicated, in whole or in part, on any of the allegations contained in the operative complaint in this Action and/or referenced in this Paragraph 8;
- e. Any and all fines, penalties, wages, premium wages, interest, restitution, liquidated damages, punitive damages, declaratory relief, and/or injunctive relief allegedly due and owing by virtue of the

                allegations set out in this Action and/or referenced in this Paragraph 8, whether based on statutory, regulatory, or common law; and/or

     f.     Claims for attorneys' fees, attorneys' costs/expenses, and/or any and all claims based on calculations, distributions or payments made in accordance with this Agreement.

     g.     "Settlement Class Released Claims" shall not include claims under the federal Fair Labor Standards Act ("FLSA") arising from a Settlement Class member's services for Fitness International unless the Settlement Class member has affirmatively opted-in to the case by submitting a timely and valid Claim Form.

9.     <u>Release of Claims:</u> **Named Plaintiffs**. In exchange for the consideration, undertakings, and covenants undertaken by Fitness International in this Agreements, including but not limited to the payment of the Representative Enhancements, and to the extent permitted by applicable law, Named Plaintiffs Quentin Moore and Leah Ervin hereby release, discharge, and covenant not to sue the Fitness International Releases from and with respect to any and all claims, charges of discrimination, demands, liens, agreements, contracts, covenants, actions, suits, causes of action, disputed wages, obligations, debts, expenses, attorneys' fees, damages, penalties, interest, judgments, orders and liabilities of whatever kind or nature in law, equity or otherwise, whether now known or unknown, suspected or unsuspected, and whether or not concealed or hidden, which they now own or hold or they have at any time heretofore owned or held, arising out of or in any way connected with their employment, separation of employment or any other relationship with the Fitness International Releasees or any other transactions, occurrences, acts or omissions or any loss, damage or injury whatsoever, known or unknown, suspected or unsuspected, resulting from any act or omission by or on the part of said Fitness International Releasees, or any of them, committed or omitted prior to the date of the Court's Order Granting Preliminary Approval (collectively, "Named Plaintiffs' Claims.") The Settling Parties intend the Named Plaintiffs' release to be general and comprehensive in nature and to release all Named Plaintiffs' Claims and potential Named Plaintiffs'

Claims against the Fitness International Releasees to the maximum extent permitted by law. The Named Plaintiffs' Claims being released include, by way of description, but not by way of limitation, any and all the Named Plaintiffs' Claims arising out of or in any way related to: (i) any interactions between the Named Plaintiffs and the Fitness International Releasees; (ii) the Named Plaintiffs' employment, separation of employment, contractual, and/or quasi-contractual relationship with the Fitness International Releasees; (iii) any allegations as to disputed wages, remuneration, and/or other compensation, due by operation of statute, ordinance, regulation, wage order, contract, or quasi-contract, including, but not limited to, allegations under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the regulations thereunder; (iv) any federal, state, or local law prohibiting discrimination or retaliation on the basis of age, race, color, ancestry, religion, disability, sex, national origin, or citizenship, including, without limitation, any such claims under Title VII, the California Fair Employment and Housing Act, the California Labor Code, the California IWC Orders, the Employee Retirement Income Security Act, and the Americans With Disabilities Act or any other similar statutes whatever the city, county, state, or country of enactment; (v) any claims under the Family and Medical Leave Act of 1993 and/or the California Family Rights Act; (vi) any transactions, occurrences, acts, statements, disclosures, or omissions occurring prior to the date of the Court's Order Granting Preliminary Approval; and (vii) any other tort or contract claims.

10. Neither this Settlement nor this Final Approval Order and Judgment is an admission of liability, fault, or wrongdoing by Defendant, or any of the Releasees, nor a finding of the validity of any claims in the Action or any violation of law. Neither this Final Approval Order and Judgment, the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the Settlement is, may be construed as, or may be used as, an admission or concession by or against Defendant, or any of the Releasees, of any fault,

wrongdoing, or liability whatsoever. Neither this Final Approval Order and Judgment, any term or provision of the Settlement, nor any of the negotiations or proceedings connected with it, shall be offered or received in evidence in any pending or future civil, criminal or administrative action or proceeding, other than such proceedings that may be necessary to consummate or enforce the Settlement; however, Defendant or any Releasee may use the Settlement and/or any related document, in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, accord and satisfaction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. The Court hereby finds the Settlement Payments provided for under the Settlement to be fair and reasonable in light of all the circumstances. The Court, therefore, orders the calculations and the payments to be made and administered in accordance with the terms of the Settlement.

12. The Court hereby confirms Scott Cole & Associates, APC as Class Counsel in this action.

13. Pursuant to the terms of the Agreement, and the authorities, evidence, and argument set forth in Plaintiffs' Motion for Final Approval of Class/Collective Action Settlement, an award of attorneys' fees in the amount of $200,000 and costs in the amount of $10,698.99 as final payment for and complete satisfaction of any and all attorneys' fees and costs incurred by and/or owed to Class Counsel is hereby granted. The Court finds that Class Counsel's request falls within the range of reasonableness and that the result achieved justifies the award. The payment of fees and costs to Class Counsel shall be made in accordance with the terms of the Agreement.

**IT IS FURTHER ORDERED THAT:**

14. The Court finds that the services provided by the Settlement Administrator were for the benefit of the Class and Collective, and the cost of $105,000.00 is fair, reasonable, and appropriate for reimbursement, pursuant to the terms of the Settlement. The Court approves payment to Simpluris, Inc. for administration fees, which includes all costs and fees incurred to date, as well as estimated costs and fees involved in completing the administration of the Settlement. The payment of administrative fees shall be made in accordance with the terms of the Agreement.

15. The parties have allocated $2,500 towards the release of PAGA claims. The sum of $1,875 shall be paid to the California Labor and Workforce Development Agency for the release of PAGA claims, in accordance with the terms of the Agreement.

**IT IS FURTHER ORDERED THAT:**

16. The Court finds that Plaintiffs Quentin Moore and Leah Ervin have contributed to the resolution of this case and has fairly and adequately represented and protected the interests of the Plaintiff Class and Collective.

17. The Court also hereby approves Plaintiffs Quentin Moore and Leah Ervin as Class Representatives and orders payment to Plaintiffs for their service as Class Representatives in the sum of $2,500 each. The payment of the Class Representatives' Enhancement Awards shall be made in accordance with the terms of the Agreement.

**IT IS FURTHER ORDERED THAT:**

18. Without affecting the finality of this Final Approval Order and Judgment, the Court reserves continuing and exclusive jurisdiction over the parties to the Settlement, including Defendant and Class and Collective members, to

-10-
Order Granting Joint Motion for Final Approval of Class/Collective Action Settlement

administer, supervise, construe and enforce the Settlement in accordance with its terms for the mutual benefit of the parties.

19. Judgment will be entered in accordance with the findings and orders made herein. For all of the reasons set forth above, Plaintiffs' Motion for Final Approval of Class/Collective Action Settlement is hereby **GRANTED**. This action is dismissed in its entirety, on the merits, with prejudice, and without leave to amend, and Plaintiffs and Settlement Class and Collective members are forever barred and enjoined from asserting any of the Released Claims in any court or forum whatsoever.

20. Under Rules 23, 54, and 58 of the Federal Rules of Civil Procedure, the Court, in the interests of justice, there being no reason for delay, expressly directs the Clerk of the Court to enter this Order, and hereby decrees that, upon its entry, it be deemed a final judgment.

**IT IS SO ORDERED.**

Dated: 1-21-14

By: _____
The Honorable Larry Alan Burns
United States District Court Judge